CASE 24—EQUITY—NOVEMBER 20, 1880.

# Munday, &c., v. Baldwin.

### APPEAL FROM MERCER COURT OF COMMON PLEAS.

1. A guardian is appointed for an infant at the domicile of her father at his death in Kentucky. The infant is taken out of this State without the consent of the guardian, and carried to Texas. A guardian selected by her in Texas after she is fourteen years of age cannot sue the guardian in Kentucky for rents of the infant's lands, collected by him here.

2. The infant having a guardian in Kentucky is not a non-resident of the state, as she could not consent to leave it, and the court in Texas had no jurisdiction to appoint another guardian, or to displace the guardian in this state. The infant's domicile is in this State.

C. A. & P. W. HARDIN FOR APPELLANT.

1. The court erred in dismissing appellant's petition.

2. After arriving at fourteen years, the infant had the undoubted right to choose a guardian in Texas.

P. B. THOMPSON, JR., FOR APPELLEE.

The infant acquired no domicile in Texas by being taken there. She could not legally consent to the removal from Kentucky, and, as a result, the court in Texas had no jurisdiction to appoint another guardian, although he was chosen by her. His sureties would not be bound for the money if it were recovered in this suit. (Story's Conflict of Laws, sec. 504; Davis v. McFeet, MS. Opin., October, 1873; Grimes v. Clay, 4 Litt., 6.)

CHIEF JUSTICE COFER DELIVERED THE OPINION OF THE COURT.

Thomas H. Munday died in 1863, domiciled in Mercer county, in this State. At the time of his death he was a widower, having one child, then only a few months old. By his last will and testament, he gave all his personal estate and the care and custody of his infant child to his maiden sister, Sarah E. Munday.

Miss Munday and her mother seem to have resided together, and the child remained with them up to Miss Munday's death, and for some time afterward remained with the grandmother.

In the meantime the appellee, a maternal uncle, was, by the Mercer county court, appointed guardian of the child, and took possession of and rented a small tract of land she inherited from her mother.

In 1875 the wife of the appellant, a paternal aunt of the child, and who resided with her husband in the State of Texas, came to Kentucky, and when she returned the child and its grandmother went with her to that State.   In 1876, the child, having reached the age of fourteen, went into the county court of Dallas county, Texas, and chose the appellant as guardian of her person and estate, and he qualified and gave bond as such.

Shortly thereafter he brought this suit in the Mercer court of common pleas against the appellee to recover the sum of more than four thousand dollars in his hands, the proceeds. of the rent of the ward's land.

The appellee defended on the ground that the ward had been removed from the State without his consent, and that her domicile is here, and the courts of Texas had no jurisdiction to appoint the appellant guardian of either her person or estate.

The record fails to show that the appellee consented to · · her removal from this State, and the only question we deem it necessary to decide is, whether the facts we have stated show a change of domicile and consequent jurisdiction in the · courts of Texas to appoint a guardian of the ward's person or estate, who is authorized under our statute to demand from a guardian appointed in this state such money or personal property of the ward as may be in his hands.

Sections 16 and 17, article 2, chapter 48, General Statutes, provide in substance, that when there is in this State · a guardian of a *non-resident* minor, the guardian of such

minor, appointed and qualified according to the law of the place where the minor *resides*, may, by petition to the county or circuit court of the county having jurisdiction to appoint a guardian in this state, have an order compelling the guardian here to pay·over to such foreign guardian the personal estate of the minor, and the rents and profits of his real estate.

This statute only applies to a foreign guardian whose ward is a *non-resident* of this State.

The appellant is not such a guardian. If he be legally a guardian at all, he is not the guardian of a non-resident minor. The domicile of the father is the domicile of his minor child, and this ward, therefore, once had a domicile in this State. She is yet a minor, and consequently never has been capable of changing her domicile by any act or intention of her own. (Schouler's Domestic Relations, 312 and 412; Forbes v. Forbes, 3 Am. Law Reg., O. S., 255.)

Her guardian has never given his consent that she might change her domicile, and hence we need intimate no opinion as to the effect which his consent, if given, might have had.

Nor need we enter into any discussion of the motives that may be actuating either guardian. The conduct of each is compatible with perfect good faith, and a desire to promote the best interests of the ward, and each has done toward securing her interest and promoting her welfare that which entitles him to her respect and confidence.

Judgment affirmed.