JOHN B. WALKER v. SARAH E. STEVENS, ADMINIS-
TRATRIX.

FILED NOVEMBER 18, 1897.    No. 7551.

1. Summons: PLACE OF SERVICE: EFFECT.  In a personal action having but one defendant, a summons issued to a county other than the one in which the suit was brought and served upon him

therein is void and confers no jurisdiction over the person of the defendant.

2. ———: ALIAS SUMMONS. When a void summons is issued, another writ may issue without either an order of the court or the return of the first "not summoned."

3. ———: SHERIFF'S RETURN. The return of a sheriff to a summons that he served the same by leaving a copy at the usual place of residence of the defendant, while not conclusive as to residence, is *prima facie* evidence of such fact.

4. ———: SERVICE UPON PRISONER: RESIDENCE: JURISDICTION. W., a single man, having a legal home and domicile in F. county, was arrested at his said residence for a felony committed in D. county, to which county he was conveyed and committed to the jail thereof, pending trial. While thus imprisoned he was sued in F. county and the summons was served by leaving a copy at his usual place of residence in said county. *Held,* That the court thereby acquired jurisdiction over the person of the defendant.

ERROR from the district court of Frontier county. Tried below before WELTY, J. *Affirmed.*

*C. W. McNamar,* for plaintiff in error.

*Greene & Hostetler, contra.*

NORVAL, J.

On November 29, 1893, Sarah E. Stevens, as administratrix of the estate of George P. Stevens, brought this suit in the district court of Frontier county to recover damages for the deliberate and malicious killing of plaintiff's intestate by the defendant. The defendant made a special appearance in the court below, objecting to the jurisdiction of the court over his person, which was overruled, and from a judgment against him in the sum of $5,000 he prosecutes an error proceeding to this court.

A single question is argued upon the record, which is, whether the court below acquired jurisdiction over the person of the defendant. He made no general appearance in the cause. Two summonses were issued,—one on November 29, 1893, directed to the sheriff of Dawson

county, and the other on December 2, 1893, to the sheriff of Frontier county. The former was served upon the defendant personally while he was confined in the jail of Dawson county for murder, and the other writ was returned by the sheriff of Frontier county indorsed served on December 7, 1893, by leaving a true and certified copy, with all the indorsements thereon, at the defendant's usual place of residence. Under section 60 of the Code of Civil Procedure this action could be brought alone in the county where the defendant resided or could be summoned. Section 65 declares: "Where the action is rightly brought in any county, according to the provisions of title four, a summons shall be issued to any other county, against any one or more of the defendants, at the plaintiff's request." Under said section a summons in an action *in personam* cannot be issued to a county of the state, other than the one in which the suit is brought, to bring in a party, unless service of summons can be and is properly made in the county where the cause is pending, upon a co-defendant who has a substantial and actual interest in the litigation adverse to the plaintiff. This court in *Hanna v. Emerson*, 45 Neb., 708, held that said section 65 does not apply where the person served in the county is merely a nominal defendant. By a parity of reasoning the statute confers no authority to issue a summons in a personal action to a county other than the one in which the suit was instituted, where there is only one defendant. Manifestly said section 65 is not susceptible of any other construction. (*Cobbey v. Wright*, 23 Neb., 250.) It follows that the summons issued to Dawson county was void, and no jurisdiction over the person of the defendant was acquired by the service of the same upon him.

It is suggested that the summons directed to the sheriff of Frontier county is invalid, because the same was issued without an order of the court to that effect, and prior to the returning of the writ issued to Dawson county. Section 67 of the Code of Civil Procedure declares: "When a writ is returned 'not summoned,' other writs may be is-

sued, until the defendant or defendants shall be summoned; and when defendants reside in different counties, writs may be issued to such counties at the same time." The provisions of this section were under consideration in *Ensign v. Roggencamp*, 13 Neb., 31, where it was decided that an alias summons should not issue until the first writ has been returned "not summoned," except upon an order of the court, but if issued without such return or order, the proceedings are not thereby rendered void, and a judgment entered by default against the defendant upon whom the writ was duly served is at most error without prejudice. Said section is applicable alone where the summons first issued is valid, and manifestly cannot be invoked in a case like this, where the prior writ from the inception was absolutely void and without any binding force and effect whatsoever, the same having been issued without authority of law. The second summons was therefore properly issued. (*Williams v. Welton*, 28 O. St., 451.)

Lastly, it is urged that jurisdiction was not acquired by the service of the summons directed to the sheriff of Frontier county. The return of the officer discloses that it was served by leaving a copy at the defendant's usual place of residence. This return is not conclusive as to the fact of residence, but is *prima facie* correct. The return must stand unless its truthfulness is impeached by the evidence introduced on the hearing of the objections to the jurisdiction in the court below. The uncontradicted testimony established that said John B. Walker is a single man, and on, and for at least nine years prior to, May 12, 1893, was the owner of a farm in Frontier county on which a dwelling house was situated; that during all of said time he lived therein and occupied the same as his home and had no other place of residence, and that on the date aforesaid he was arrested at his said residence for the murder of one George P. Stevens, in Dawson county, and since which time continuously to the institution of this suit in November, 1893, he has been imprisoned in the jail of said county.

The proposition contended for by counsel for defendant is that the service of summons in Frontier county was unavailing, since at the time of such service and return the defendant had no usual place of residence in said county, and had not been within the county for nearly six months prior thereto. In other words, "usual place of residence," as employed in the statute, means the place of abode at the time of service. This doctrine has been stated in some of the earlier decisions of this court, but the same was expressly disapproved, and some of the cases reviewed, by POST, J., in *Wood v. Roeder*, 45 Neb., 311. It was there distinctly ruled:

1. That the words "residence," and "usual place of residence," as employed in statutes, are generally synonymous with the term "domicile."

2. The residence essential to confer jurisdiction is a legal one equivalent to the domicile of the defendant.

3. Domicile is that place of residence of a defendant where he has his fixed and permanent home, and to which, when absent, he has the intention of returning.

4. To effect a change of domicile there must be not only a change of residence, but an intention to permanently abandon the former home.

In the light of the foregoing principles there is no room to doubt that the legal place of residence of Walker, at the time the service of summons was made, was in Frontier county. That county had been his residence and domicile for years. He did not leave his home for the purpose of abandoning the same. He acquired no residence elsewhere, and could not have been legally sued in Dawson county, since he was held in custody there to answer to the charge of felony. (*Palmer v. Rowan*, 21 Neb., 452.) If this summons was not properly and legally served, then the defendant could not be sued at all. We hold that the defendant's usual place of residence was in Frontier county, and that jurisdiction over his person was acquired by the service of the summons therein. The judgment is

AFFIRMED.