## Ferguson's Adm'r et al. v. Ferguson's Adm'r.

(Decided June 22, 1934.)

W. J. FIELDS and J. K. LEWIS for appellants.

R. C. LITTLETON and JAMES CLAY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

This is a companion case to Kentucky & West Virginia Power Company v. Leonard Ferguson's Adm'r, — K. — , — S. W. (2d) — , this day decided.

Formerly Wilse Ferguson, the father of Leonard Ferguson, owned a farm in Elliott county, whereon he and his family resided. In 1926, Wilse Ferguson killed a man and fled the state. Mrs. Ferguson, thus left to shift for herself, went, in the spring of 1927, to Rowan county to live with her two sons Roscoe and Powell, and took with her Leonard Ferguson, her infant son, then

about nine years old, and there they have since resided. Whether Wilse Ferguson, while a fugitive, contributed to the support of his family is disputed. In 1930 he was apprehended, and he and his wife sold the farm in Elliott county to raise money for his defense. He was convicted and sent to the penitentiary, where he was when his son Leonard Ferguson met his death.

On September 23, 1932, Wilse Ferguson, Leonard Ferguson's father, being in the penitentiary, and his mother, Polly Ferguson, waiving her right to serve as administratrix, his brother Roscoe Ferguson was, by order of the Rowan county court, appointed and qualified as administrator of Leonard Ferguson. On April 4, 1933, Roscoe Ferguson, as such administrator, began the above suit against the Kentucky & West Virginia Power Company to recover for his death.

On August 26, 1933, B. F. Fannin was, by order of the Elliott county court, upon motion of Wilse Ferguson, appointed and qualified as administrator of Leonard Ferguson. On August 28, 1933, Fannin appeared in the Carter circuit court, and in the action against the power company moved that he be substituted as plaintiff in lieu of Roscoe Ferguson, which motion, after hearing evidence, was by the court overruled. From that judgment Fannin has appealed.

The right to appoint an administrator, probate a will, or qualify an executor, is vested in the county court of the county wherein a decedent was domiciled, when he died. Hite's Adm'r v. Gibson, 251 Ky. 651, 65 S. W. (2d) 731. For twenty-five years Wilse Ferguson owned and, with his family, lived upon a farm in Elliott county; that was then his residence and theirs. Munday v. Baldwin, 79 Ky. 121; L. & N. R. Co. v. Kimbrough, 115 Ky. 512, 74 S. W. 229, 24 Ky. Law Rep. 2409; Fitzpatrick's Guardian v. Baker, 227 Ky. 788, 14 S. W. (2d) 181.

A person's domicile is not changed by his involuntary confinement in a penitentiary or other prison. 19 C. J. 421, sec. 45; 9 R. C. L. 552, sec. 16. On March 4, 1933, Wilse Ferguson was released by the prison authorities and at once came to Rowan county and rejoined his family, and has been there since, and was making a crop there when this motion was made and acted on, but he says he claims Elliott county as his home, but such domicile only exists in his intention.

232

While ordinarily the domicile of the father is also the domicile of the children, even though the parents be separated, yet, when Wilse Ferguson left his wife and children to shift for themselves while he was a fugitive, that compelled his wife, by necessity, to seek and make a separate domicile for herself and her infant and dependent son; and the domicile thus and then selected by her became the domicile of herself and her infant son. In 19 C. J. p. 416, sec. 33, this is found:

"The domicile of the husband is that of the wife only when the husband provides a domicile where the wife may go and stay at her will."

In the same volume, on the same page, in section 34, this is found:

"Where the wife has been abandoned * * * or forced by * * * just cause to leave her husband, she is permitted to establish a domicile for herself."

We believe those rules are sound, and we now adopt them and do now so extend them that a wife who, with her child, is abandoned, as this woman was, may select a domicile for herself and dependent child to whom she cleaves and who cleaves to her, and the domicile so selected by her becomes the domicile of both herself and the child thus living with and nurtured and protected by her.

The court did not err in holding Rowan county to have been the domicile of this child when he died, and properly overruled Fannin's motion.

Judgment affirmed.

The whole court sitting.