## Petrey v. Sampson, Judge.

Jan. 9, 1945.

Stephens & Steely and Thos. F. Young for petitioner.

OPINION OF THE COURT BY JUDGE REES—Granting writ of prohibition in part and denying in part.

This is an original proceeding in this court by which the petitioner, Gladys Petrey, seeks to prohibit respondent, Hon. Flem D. Sampson, Judge of the Whitley Circuit Court, from proceeding further to try and determine two cases pending before him in that court styled Grant E. Petrey v. Gladys Petrey and Marsh Petrey and Wife, Mary Petrey, v. Gladys Petrey, upon the ground that the respondent's court has no jurisdiction of either action because when they were filed the petitioner was a resident of Laurel county.

The action styled Grant E. Petrey v. Gladys Petrey is a divorce action which, under section 76 of the Civil Code of Practice, "must be brought in the county where the wife usually resides, if she have an actual residence in this State; if not, in the county of the husband's residence." The husband's petition in his action for divorce was filed June 5, 1944, and summons was served on the defendant in Whitley county on August 9, 1944. In his petition the plaintiff asked for an absolute divorce on the ground of lewd and lascivious conduct and for the custody of his child, Archie Petrey, then about one year old. At the time the action for divorce was instituted, the child was at the home of Marsh Petrey in Whitley county. Marsh Petrey is the father of Grant E. Petrey. On August 4, 1944, Marsh Petrey and Mary Petrey brought an action against Gladys Petrey to enjoin her from taking or attempting to take the child from their custody pending the return of the child's father, Grant E. Petrey, from military service. On September 23, 1944, the plaintiffs moved that the case be consolidated with the case styled Grant E. Petrey v. Gladys Petrey, and on September 25, 1944, an order was entered consolidating the two cases. On September 19, 1944, the second day of the September term of court, the defendant filed a plea to the jurisdiction in the divorce action and on September 26, 1944, she filed a similar plea in the second action. In each pleading she alleged that when the action was commenced and when she was summoned she resided in Laurel county; that she usually resided in that county, and had been a continuous actual resident of Laurel county, Kentucky, all of her life except for short temporary absences. Proof was heard on the question of venue, and respondent overruled the plea to the

jurisdiction of the court in each of the cases. In his response to the petition for a writ of prohibition in this court he asserts that petitioner waived the jurisdiction of the court over her person and entered her appearance in the case of Grant E. Petrey v. Gladys Petrey by taking certain steps in the case before a ruling on her plea to the jurisdiction of the court had been made. These steps were:

(1) On August 2, 1944, petitioner served a notice on the attorneys for the plaintiff, Grant E. Petrey, that she would, on the 8th day of August, 1944, at Manchester, Clay county, Kentucky, enter her motion before Hon. F. P. Stivers, Judge of the Clay Circuit Court, to dissolve the temporary restraining order granted by Morton Bennett, County Judge of Whitley county, Kentucky, on June 30, 1944, in the action of Grant E. Petrey v. Gladys Petrey; (2) on September 1, 1944, the petitioner and her attorney were present at the taking of depositions for and on behalf of the plaintiff; (3) On September 25, 1944, before the plea of the petitioner to the jurisdiction of the court over her person in the case of Grant E. Petrey v. Gladys Petrey had been passed upon, the plaintiffs and defendants in the two cases agreed to the consolidation of same; and (4) on September 25, 1944, the petitioner in the case of Grant E. Petrey v. Gladys Petrey, while the plea to the jurisdiction of the court over her person was pending, entered her motion to dissolve the temporary restraining order granted therein by the judge of the Whitley county court.

The proof shows conclusively that petitioner was a resident of Laurel county when the petition in the divorce action was filed and when the summons was served. Grant E. Petrey joined the United States army in October, 1940, and he and petitioner were married in 1941. He was still in the army and in England when the divorce action was brought. The evidence as to whether he was a resident of Whitley or Laurel county when he went into military service is conflicting, but the evidence is undisputed that he has not provided a home for petitioner since their marriage. In Ferguson's Adm'r v. Ferguson's Adm'r, 255 Ky. 230, 73 S. W. 2d 31, 32, the following from 19 C. J. 416 was quoted with approval: " 'The domicile of the husband is that of the wife only when the husband provides a domicile where the wife may go and stay at her will.' " See also 28 C.J. S., Domi-

cile, sec 12. However, it is unnecessary to dwell on this phase of the case since it is not claimed that Whitley county was the proper venue of the action under section 76 of the Civil Code of Practice. It is only claimed that petitioner waived jurisdiction over her person by the acts heretofore recited.

The notice served on the attorneys of the plaintiff, Grant E. Petrey, on August 2, 1944, referred to in the response to the petition for a writ of prohibition is not in the record before us, but the motion made by petitioner in the Whitley circuit court on September 25, 1944, for the same purpose, that is, to dissolve the temporary restraining order theretofore granted by the judge of the Whitley county court, does appear in the record, and it is stated in the motion that it is made for the reason that she was a resident of Laurel County at the time the divorce action was commenced and that she had objected to the trial of the action by the Whitley circuit court by her plea to the jurisdiction. It was, also stated in the motion that an action for divorce was then pending in the Laurel circuit court which had jurisdiction by reason of section 76 of the Civil Code of Practice. The order filing the foregoing motion contained this:

"The defendant, Gladys Petrey having filed her motions herein to dissolve the temporary restraining orders granted by the Judge of the Whitley County Court for the reason that, as she alleges in her pleas to the jurisdiction of the court in each of these consolidated actions, this court has no jurisdiction of either of said actions, and having moved the court to hear oral testimony in support of her said motions and pleas, * * *."

Clearly, her motion to dissolve the temporary restraining order was not a waiver of jurisdiction.

The order consolidating the two cases shows that they were consolidated by agreement of the parties. There was then pending in each case a plea to the jurisdiction and a motion to dissolve the temporary injunction on the ground that the Whitley circuit court was without jurisdiction, and proof was to be heard on the question of venue. Obviously the cases were consolidated primarily to facilitate rulings on the pleas and motions raising the question of jurisdiction, and the agreement to consolidate was not a waiver. Likewise, the presence of petitioner and her attorney at the taking of depositions by the plaintiff, Grant E. Petrey, on Sep-

tember 1, 1944, did not constitute a waiver under the circumstances. No rule day had intervened between the service of summons and the taking of depositions, and petitioner had not been afforded an opportunity to raise the question of jurisdiction by motion or other pleading. The first pleading filed by her was the plea to the jurisdiction, which was filed on the second day of the September term of court.

The Whitley circuit court has jurisdiction in the action styled Marsh Petrey and Mary Petrey v. Gladys Petrey. The plaintiffs in that action were residents of Whitley county and had custody of the child, Archie Petrey. The Laurel circuit court has jurisdiction to determine finally the custody of the child in the divorce proceeding pending in that court, but, until it acts, the Whitley circuit court has jurisdiction to consider and determine the rights of the parties.

The motion for a writ prohibiting the respondent from proceeding further in the case of Marsh Petrey and Mary Petrey v. Gladys Petrey pending in the Whitley circuit court is overruled and the writ denied. The motion for a temporary writ of prohibition in the divorce action is sustained, and, all the proof being before the court, it is made permanent, and the respondent is prohibited from proceeding further in the case of Grant E. Petrey v. Gladys Petrey other than to abate the action by dismissing it without prejudice.

Whole court sitting.