**Ruth SHAFFER, Plaintiff,**

v.

**Emanuel TEPPER, Defendant.**

**No. 168.**

United States District Court, E. D. Kentucky.

Jan. 20, 1955.

J. Douglas Graham, Campton, Ky., for plaintiff.

Shackelford & Burnam, Richmond, Ky., Lester & Riedinger, Newport, Ky., Earl B. Rose, Beattyville, Ky., for defendant.

FORD, Chief Judge.

This case is submitted for judgment upon defendant's motion to dismiss the complaint on the grounds: (1) failure to allege that defendant is a citizen of a state other than Kentucky; (2) that, since defendant, a prisoner in Kentucky State Penitentiary, was not a resident of Kentucky when confined and claimed no such residence at that time, under § 452.435 of Kentucky Revised Statutes, maintenance of this action in the State of Kentucky is precluded; and (3) that defendant is and has been, since July 6, 1954, permanently domiciled in the State of Kentucky by reason of his commitment to and incarceration in the Kentucky Penitentiary under sentence for life imprisonment and consequently is and was a citizen of Kentucky when this action was filed on September 3, 1954.

The defect in the complaint in respect to failure to allege facts showing diversity of citizenship has been cured by the amendment to the complaint filed on October 25, 1954, showing plaintiff to be a citizen and resident of Lee County, Kentucky, and defendant a citizen and resident of the State of Ohio.

Defendant's contention that § 452.435 of Kentucky Revised Statutes, providing that an action against a prisoner in this state "must be brought in the

894

county, if known, in which he resided, or claimed his residence, when confined", governs or affects the venue of such actions in the Federal Courts sitting in this state, is untenable. The place for instituting an action in the Federal Court is a matter of Federal procedure and is governed exclusively by 28 U.S. C.A. § 1391, which so far as here perti-. nent, provides:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

Under the allegations of the petition, as amended, jurisdiction of this Court to entertain the action is properly invoked under 28 U.S.C.A. § 1332, and the above statute authorizes the institution of it in this district, it being the judicial district where the plaintiff resides.

Under Fed.Rules Civ.Proc. rule 17.(b), 28 U.S.C.A., the capacity of the defendant to sue or be sued is determined by the law of Kentucky. Rule 17.04 of Kentucky Rules of Civil Procedure provides "Actions involving adult prisoners confined either within or without the State may be brought or defended by the prisoner."

Defendant relies upon Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832, in which it was held that since the plaintiff had no enforceable remedy in the courts of the state to recover his claim for a deficiency judgment, access to the Federal Court for the recovery of such deficiency judgment was likewise barred. The remedy sought in this action is the recovery of damages for assault. No law of Kentucky forbids access to the courts for the enforcement of it. The rule announced in Angel v. Bullington seems to have no application here.

In support of the motion to dismiss, an affidavit of defendant's father, Carl K. Tepper, is filed. It shows that defendant is now confined in the Ken-

tucky State Penitentiary under a sen-. tence for life imprisonment and. has, been so confined since July 6, ·1954; "that defendant has never resided in the State of Kentucky; that defendant has never claimed residence in the State of Kentucky; and that defendant, at the time when confined as aforesaid, resided in Hamilton County, Ohio."

The defendant contends, however, that, notwithstanding his previous citizenship in Ohio or elsewhere, his commitment and confinement in the Kentucky Penitentiary under the sentence imposed upon him prior to the filing of this action resulted in the transfer of his residence and citizenship to the State of Kentucky and, hence, at the time this action was filed on September 3. 1954. no diversity of citizenship existed between the parties. This contention is contrary to the rule prevailing in Kentucky and elsewhere.

"Citizenship", for the purpose of determining Federal jurisdiction, depends upon domicile. Sherman v. Roosevelt Co., D.C.Mass., 48 F.Supp. 434; Collins v. City of Ashland, D.C.E.D.Ky., 112 F. 175; Harding v. Standard Oil Co., C.C., 182 F. 421; Gilbert v. David, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360.

In Ferguson's Adm'r v. Ferguson's Adm'r, 255 Ky. 230, 231, 73 S.W.2d 31, 32, the Court said: "A person's domicile is not changed by his involuntary confinement in a penitentiary or other prison." The same rule is thus stated in Am.Law Ins.Restatement, Conflict of Laws, page 40, § 21: "A person cannot acquire a domicile of choice by any act done under legal or physical compulsion."

Nor can a person committed to prison gain a residence where the prison is situated. "He retained his residence at his abode or home before his commitment. A residence can only be acquired by voluntary choice or by right." 17 Am.Jur. page 636, § 77. Also see Bohland v. Smith, D.C., 7 F.R.D. 364.

It has long been established that a citizen who is guilty of crime and who is visited with punishment and whose political rights are put in abeyance or forfeited, is still a citizen. White v. Hart, 13 Wall. 646, 651, 80 U.S. 646, 651, 20 L.Ed. 685.

Since defendant's involuntary incarceration in the Kentucky Penitentiary brought about no change in his domicile or residence, his citizenship remains the same as it was before his imprisonment.

For the reasons indicated, defendant's motion to dismiss the complaint, as amended, should be denied.