**UNITED STATES of America, Plaintiff,**

v.

**Clifford H. DAVIS, Defendant.**

**Civ. No. 0606.**

United States District Court,
D. Nebraska.

July 6, 1973.

---

William K. Schaphorst, U. S. Atty., for the District of Nebraska, for plaintiff.

Clifford H. Davis, pro se.

## MEMORANDUM

RICHARD E. ROBINSON, Senior District Judge.

This matter comes before the Court upon the motion of defendant, Clifford H. Davis, to set aside a default judgment [Filing #13] entered on July 22nd, 1958 [Filing #8].

The United States filed a brief. The defendant has requested oral arguments but the Court has determined that it will take the matter under submission on the basis of the present record in order to facilitate a just, speedy, and inexpensive determination. See Rule 16C, and Rule 16e [as amended] of the Rules of Practice, United States District Court, District of Nebraska.

The defendant asserts that the default judgment should be set aside because at the time suit was filed he was confined in the United States Penitentiary, Leavenworth, Kansas, and that the United States Attorney who filed the suit was aware of his status.

The United States admits in its brief that at the time of service of the complaint that it should have known that the defendant was confined in the penitentiary.

However, the plaintiff contends that personal service was in compliance with Rule 4 [d] of the Federal Rules of Civil Procedure.

The Return on the Service of Writ discloses that on June 25th, 1958, a deputy United States Marshal personally handed to and left the Summons, Complaint, and Designation of place of trial with Mrs. Mary M. Davis [wife] a person of suitable age and discretion at the address of 2202 Pinkney Street, Omaha, Nebraska, the usual place of abode of the defendant [Filing #3 and Filing #4].

There is no allegation that the return is incorrect or inaccurate in any respect.

As stated in Bohland v. Smith, 7 F.R. D. 364, 365 [E.D.Ill.1947]:

"[W]here one voluntarily establishes a place of abode or residence but is prevented from occupying it, by act of his sovereign or otherwise, his place of abode is not changed."

and it is stated in 2 J.Moore, Federal Practice ¶ 4–11 [2] pg. 1042 [2nd Ed. 1970]:

"When a person is imprisoned, his family residence, if any, remains his usual place of abode."

*Also See* United States v. Knox, 79 F. Supp. 714 [E.D.Tenn.1948] and Walker v. Stevens, 52 Neb. 653, 72 N.W. 1038 [1897].

There has been service in the manner prescribed by the Federal Rules of Civil Procedure and a separate order overruling the motion will be entered.