Richard T. SAIENNI, Plaintiff,

v.

Reginald William OVEIDE et al.,
Defendants.

Superior Court of Delaware,
New Castle.

Submitted Feb. 16, 1976.

Decided March 16, 1976.

Richard E. Franta, Newark, for plaintiff.

Drew L. Johnson, Staff Atty., Community Legal Aid Society, Inc., Wilmington, for defendant, Reginald William Oveide.

Robert K. Pearce, Trzuskowski & Kipp, Wilmington, for defendants, Gerald Brown and Diana Brown.

O'HARA, Judge.

Plaintiff attempted substituted service on wife of defendant, Reginald William Oveide, in Delaware pursuant to Superior Court Civil Rule 4(f)(1). At the time of attempted service, defendant, Reginald William Oveide, was incarcerated at the State Correctional Institution in Dallas, Pennsylvania, serving a two year five month to fifteen year sentence which began in August, 1975. The question presented is whether the defendant was properly served at his "dwelling house or usual place of abode" as required by Rule 4(f)(1).

The phrase "dwelling house or usual place of abode" has not been uniformly interpreted by the courts. See 32 A.L.R.3d 112. As regards an involuntary absence from an established residence, many courts follow the Federal rule as stated in *Bohland v. Smith,* E.D.Ill., 7 F.R.D. 364 (1947):

"[W]here one voluntarily establishes a place of abode or residence but is prevented from occupying it, by act of his sovereign or otherwise, his place of abode is not changed."

This rule has been applied to situations in which the defendant was away from

home due to imprisonment. *Bull v. Kistner,* 257 Iowa 968, 135 N.W.2d 545 (1965); *Cohen v. United States,* 9 Cir., 297 F.2d 760 (1962); *Shaffer v. Tepper,* E.D.Ky., 127 F.Supp. 892 (1955); *United States v. Knox,* E.D.Tenn., 79 F.Supp. 714 (1948); *Fidelity & Deposit Co. of Maryland v. Boundy,* 236 Mo.App. 656, 158 S.W.2d 243 (1942); See also 2 J. Moore, Federal Practice §§ 4–11[2] p. 1042 [2nd Ed.1970].

■ The above stated rule draws its support from the concept of domicile. A person's domicile is determined from that person's subjective intentions or state of mind regarding whether or not a particular place is his home. In Delaware, a person's "usual place of abode" is not the equivalent of his "domicile". *King v. Fisher,* Del. Super., 10 Terry 374, 117 A.2d 76 (1955). In *Whetsel v. Gosnell,* Del.Supr., 4 Storey 519, 181 A.2d 91 (1962), the Delaware Supreme Court followed the New Jersey rule that a defendant, for purposes of substituted service, must be served at the place where he is actually living at the time service is made. The Court in *Whetsel* quoted from *Eckman v. Grear,* 14 N.J. Misc. 807, 187 A. 556 (1936) and *Kurilla v. Roth,* 132 N.J. 213, 38 A.2d 862 (1944) to support their decision. The Court wrote:

". . . . we give the term 'usual place of abode' its narrowest and most restricted meaning, i. e., the place where a person is physically residing for other than the narrow, limited purpose of a vacation or other short, temporary absence. . . . . '[u]sual place of abode' is thus a purely physical circumstance. It is unlike the concept of domicile which connotes a state of mind, an animus revertendi."

In *Whetsel,* the defendant was a military student who was living away from home at school. Delaware courts have not faced the question of a prisoner residing outside the state involuntarily. The question was faced by the New Jersey Superior Court in *Fidelity Deposit Co. of Md. v. Abagnale,* 97 N.J.Super. 132, 234 A.2d 511 (1967). The Court extended the doctrine of *Eckman* and *Kurilla* to apply to the situation of substituted service on a defendant physically residing outside the state as a prisoner.

■ In light of *Fidelity Deposit Co.,* as well as the definite language used by the Court in *Whetsel v. Gosnell,* supra, it seems logical to find that defendant's "usual place of abode" was the Pennsylvania State Correctional Institution. That is where he was physically living at the time of service. Such physical presence is considered by the Supreme Court the primary factor in determining a person's "dwelling house or usual place of abode" under Rule 4(f)(1). Defendant was not present in Delaware, nor can his absence be considered to fall within the *Whetsel* exception of "a vacation or other short, temporary absence."

The finding that no personal service has been made precludes recovery of a personal judgment under 25 Del.C. § 2721. See *Lance Roofing Co. v. Globe-Union, Inc.,* Del.Super., 4 Storey 514, 180 A.2d 746 (1962). If plaintiff satisfies the proper procedural requirement, he may still procure an *in rem* judgment on the mechanic's lien.

Defendant's motion to dismiss for lack of personal jurisdiction is granted without prejudice to plaintiff's *in rem* claim.

IT IS SO ORDERED.