**BLUE CROSS AND BLUE SHIELD OF MICHIGAN, a Michigan non-profit corporation, Plaintiff,**

v.

**Hubert W. CHANG, M.D. and Hubert W. Chang, M.D., P.C., Defendants.**

**No. 85–CV–74357–DT.**

United States District Court, E.D. Michigan, S.D.

March 28, 1986.

Jules N. Fiani, Brighton, Mich., for plaintiff.

Keith J. Norman, Detroit, Mich., for defendants.

ORDER DENYING DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS

LA PLATA, District Judge.

On January 29, 1986, the Defendants, a physician and his professional corporation, filed a Motion to Quash the service of process, which indicates that they were served on January 9, 1986. In its Complaint, Plaintiff, Blue Cross and Blue Shield of Michigan, alleged that Defendant Hubert W. Chang, a medical doctor, committed fraud by falsely representing to it, during the years 1980 through 1982, that he performed psychiatric services for subscribers of Blue Cross and Blue Shield. As a result of the alleged misrepresentations, Plaintiff paid Dr. Chang $373,120.00.

According to the record, Plaintiff served a copy of the Summons and Complaint upon Fred Chang, a son of Dr. Chang, on January 9, 1986, at the family residence located in Hinsdale, Illinois. In their Motion to quash the service of process, Defendants, through the affidavits of Fred

Chang and Judy Chang, Dr. Chang's wife, maintained that Dr. Chang was a resident of the Federal Correctional Center situated in Terra Haute, Indiana,[1] at the time the Summons and Complaint were delivered to the family residence in Illinois. Fred Chang, seventeen years of age, claimed that he is not an officer, director, or agent of his father's professional corporation; Judy Chang asserted that Dr. Chang does not have possession of a copy of the Summons and the Complaint. Both affiants indicated that Dr. Chang currently is working and living outside of the United States.

In opposition to the Motion, Defendant argued that the service of process was not defective, since it was served upon Dr. Chang's seventeen year old son at the family's residence. The controlling Court Rule, Fed.R.Civ.P. 4(d)(1), prescribes that service shall be made:

> "Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

The question to be resolved by the Court is whether service of process is proper where the process server delivered the Summons and Complaint to the seventeen year old son of the Defendant, at the family's residence, while the Defendant was completing a four and one-half month prison sentence in another State. Rule 4(d)(1) is an optional method of service; the Plaintiff is not required to demonstrate that he was unable to obtain service by personal delivery in order to employ it.[2] If the procedures delineated in Rule 4(d)(1) were satisfied, the service of process is considered to be effective even though the Defendant did not actually receive the papers.[3]

The position of Defendants that Dr. Chang was not a resident of the family dwelling in Hinsdale, Illinois, on January 9, 1986, is not tenable. When a Defendant does not have a permanent place of residence, a Court will consider whether he intended to return to the place of service in order to determine whether it can be characterized as his usual place of abode or dwelling house. In *Bohland v. Smith*[4] and *United States v. Davis*,[5] the District Courts held that the family residence continues to be the place of abode of an individual who has been incarcerated. In *Bohland*, the District Court enunciated that the service of process upon the wife of the defendant was proper despite his confinement in a federal penitentiary in another state, on the basis that he voluntarily established a place of abode, but was precluded from occupying it by an act of the government.[6] Subscribing to the holdings in *Bohland* and *Davis*, this Court concludes that Dr. Chang's dwelling in Hinsdale, Illinois, was his usual place of abode on January 9, 1986.

In addition to delivering a copy of the Summons and Complaint to the Defendant's "dwelling house or usual place of abode," the papers have to be left with a person of "suitable age and discretion then residing therein." According to the affidavit of Fred Chang, to whom the Summons and pleading were delivered, he was seventeen years of age and a resident of the family's home on January 9, 1986, the date on which he received the papers. The former rule governing the manner of service, Equity Rule 13, required that the Summons and Complaint be delivered to an adult member of the family. In *DeGeorge v.*

---

1. On January 30, 1984, Dr. Chang pleaded guilty to one count of mail fraud before Judge Cohn of this Court.

2. See *United States v. Scheiner*, 308 F.Supp. 1315, 1317 (S.D.N.Y.1970).

3. *Smith v. Kincaid*, 249 F.2d 243 (6th Cir.1957); *NLRB v. Clark*, 468 F.2d 459, 464 (5th Cir.1972).

4. 7 F.R.D. 364 (E.D.Ill.1947).

5. 60 F.R.D. 187 (D.Neb.1973).

6. *Bohland* at 365.

*Manata Poultry Co.*,[7] the District Court for the Eastern District of Pennsylvania held that in view of the fact that Rule 4(d)(1) does not mandate that the optional service be effected upon an adult member of the family, it would not engraft such a requirement upon the Rule.

 The record does not indicate that Dr. Chang's seventeen year old son was unable to comprehend the nature of the papers delivered to him by the process server. Based on Fred Chang's affidavit, the Court is able to infer that, at a minimum, he had the ability to read and write at the time of the delivery. Under the circumstances of the service of process in this case, the Court concludes that the requirements of Rule 4(d)(1) were fulfilled; it is probable that Dr. Chang, who returned to the family abode two days after the delivery of the papers to his son, was informed of the lawsuit. Consequently, the Court DENIES Defendants' Motion to Quash the service of process.[8]

7. 196 F.Supp. 192 (E.D.Pa.1961). In *M. Lowenstein & Sons, Inc. v. Austin*, 430 F.Supp. 844, 845 (S.D.N.Y.1977), the Court held that service of process upon the twenty year old daughter of the defendant, who was staying overnight at the family home, satisfied the rule permitting service on a person residing at the defendant's place of abode.

8. Defendants also assert that the Summons was defective because it did not reveal the docket number of the case. This argument is a trifling one; Defendants clearly were not prejudiced by the absence of the file number on the Summons, since the caption of the lawsuit was adequate to apprise them of the action.