490 So.2d 1049 (1986)
Andres ARAUJO, Appellant,
v.
Leopoldo RAMIREZ-LIMON, Appellee.
No. 86-486.
District Court of Appeal of Florida, Third District.
July 1, 1986.
Ezell, Menendez & Patterson and William D. Matthewman, Miami, for appellant.
High, Stack, Lazenby & Palahach and Robert E. Stone, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
The appellee Ramirez-Limon lived with his wife and children in Houston, Texas until he was imprisoned in a jail in Mexico, where he still remains. After his incarceration, his family moved to a home in Dade County, but Ramirez-Limon has never resided there. Because the appellee can hardly be said to have been "actually living [there] at the time of service," Panter v. Werbel-Roth Securities, Inc., 406 So.2d 1267, 1268 (Fla. 4th DCA 1981), we agree with the trial court that the Dade County residence is not his "usual place of abode," under section 48.031(1), Florida Statutes (1983).[1] See State v. Heffernan, 142 Fla. 496, 195 So. 145 (1940); Hauser v. Schiff, 341 So.2d 531 (Fla. 3d DCA 1977); cf. Bull v. Kistner, 257 Iowa 968, 135 N.W.2d 545 (1965) (home where prisoner resided before imprisonment and where wife and children still live is his "usual place of abode"). Accordingly, the order quashing the substituted *1050 service of process attempted at that address through the appellee's wife is
Affirmed.
NOTES
[1] Section 48.031(1) provides:

48.031 Service of process generally. 
(1) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.