OPINION OF THE COURT
Edward H. Lehner, J.
The question posed by plaintiff’s motion to strike defendant’s affirmative defense of lack of personal jurisdiction is whether service upon defendant at a time when she is incarcerated in a State correctional facility may be made upon her pursuant to CPLR 308 (2) at the "dwelling place or usual place of abode” occupied by her prior to imprisonment.
Here the parties were allegedly involved in an automobile accident on December 1, 1989. Service upon defendant was purportedly made on October 30, 1991 by serving her adult daughter at 818 Tenth Avenue in Manhattan. After a traverse hearing, in which defendant was represented by counsel retained by the Motor Vehicle Accident Indemnification Corporation, I find that: (i) service was in fact so made at a time plaintiff did not know of defendant’s imprisonment; (ii) that said address, which was the residence set forth on defendant’s driver’s license, was her last dwelling place and usual place of abode before her incarceration, which had commenced in October 1990; and (iii) that the adult daughter was a "person of suitable age and discretion” to receive process. It is noted that defendant was released from prison on January 19, 1992.
Plaintiff maintains that since service was made at the address of defendant on file with the Commissioner of Motor Vehicles (the Commissioner), defendant is estopped from denying valid service at that location.
Case law in New York generally agrees that a licensee is estopped from challenging service of process made at the address of the motorist on file with the Commissioner at the time of service. This is true even though the licensee may have moved subsequent to the time of the accident as Vehicle and Traffic Law § 505 (5) requires "every licensee to notify the Commissioner in writing of any change of residence * * * *897 within ten days after such change occurs and to make a notation of such change of residence on such license”. (See, Sherrill v Pettiford, 172 AD2d 512 [2d Dept 1991]; Anello v Barry, 149 AD2d 640 [2d Dept 1989]; Hill v Jones, 113 AD2d 874 [2d Dept 1985]; contra, Marsh v Phillips, 167 AD2d 905 [4th Dept 1990].)
Thus, the question first presented is whether Vehicle and Traffic Law § 505 (5) is applicable upon a change of address caused by imprisonment.
I find that since it is not contemplated that an incarcerated individual will be doing any motoring while in custody, and since there is no governmental need for the Commissioner to be kept abreast of the facility in which the prisoner is located (here defendant was in three different prisons during her 15 months of incarceration), that defendant was not required under Vehicle and Traffic Law § 505 (5) to advise the Commissioner of her movements into and within the correctional system. Consequently, she is not estopped, under the aforesaid case law, from maintaining that service at her prior dwelling was invalid.
On the question of due process, in Mullane v Central Hanover Bank & Trust Co. (339 US 306 [1950]), it was said (at 314): "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” In Robinson v Hanrahan (409 US 38 [1972]), where the defendant was in jail at the time of service, the Court held that the State, which knew of his imprisonment, could not obtain jurisdiction over him in a forfeiture action by merely mailing process to his home address as that was not "reasonably calculated” (at 40) to apprise him of the pendency of the proceeding. However, in that case there was no indication of any other family member residing at that address.
Here I find that service upon defendant’s daughter at the prior dwelling of the defendant was reasonably calculated to inform defendant of the pendency of this action as there was no testimony by her or her daughter that defendant’s whereabouts were not then known by the daughter.
The question then remains whether defendant’s residence prior to imprisonment, or the prison itself, constitutes her dwelling place or usual place of abode under the New York statutory scheme for service of process.
*898 In Feinstein v Bergner (48 NY2d 234 [1979]), the Court observed that there is a "degree of permanence and stability that is necessarily implied by the term 'usual place of abode’ ” (at 239, n 3; see also, Bernardo v Barret, 87 AD2d 832 [2d Dept 1982], affd on opn below 57 NY2d 1006 [1982]; Smithtown Gen. Hosp. v Quinlivan, 88 Misc 2d 1031 [Suffolk Dist Ct 1976]).
A degree of permanence and stability cannot be ascribed to a location to which the sovereign involuntarily places a person (at least in cases not involving long-term imprisonment). Prison is where one resides as a means of punishment, segregated from the general society and away from one’s home and family. It should not, in cases of a prisoner having a family home, be considered the person’s dwelling or usual place of abode which, as indicated above, connotes a concept of permanency.
No reported New York decision has been located on this issue. However, most courts that have considered the question have determined that a person entering a prison who leaves a home occupied by other family members does not abandon that home as his or her usual place of abode (Bull v Kistner, 257 Iowa 968, 135 NW2d 545 [1965]; Cohen v United States, 297 F2d 760, 774 [9th Cir 1962]; United States v Stabler, 169 F2d 995, 998 [3d Cir 1948]; United States v Davis, 60 FRD 187 [D Neb 1973]; United States v Chandler, 7 FRD 365 [D Mass 1947]; Shaffer v Tepper, 127 F Supp 892, 894 [ED Ky 1955]; Grant v Dalliber, 11 Conn 234 [1836], cited with approval in Capitol Light & Supply Co. v Gunning Elec. Co., 24 Conn Supp 324, 190 A2d 495 [1963]). But some courts, giving the term "usual place of abode” a narrower meaning, i.e., where one physically resides except for short temporary absences, have determined the prison to be the location fitting that term (Saienni v Oveide, 355 A2d 707 [Del Super Ct 1976]; Fidelity Deposit Co. v Abagnale, 97 NJ Super 132, 234 A2d 511 [1967]). I find that this latter narrow definition is not in conformity with the permanency concept embraced in Feinstein v Bergner (supra).
Although Correction Law § 620 may authorize service upon a prisoner in a civil proceeding by delivery of process to the warden, this would only be an alternative means of service and hence only supplement CPLR 308 (2) (see, Dobkin v Chapman, 21 NY2d 490, 500 [1968], where it was held that Vehicle and Traffic Law § 253, authorizing service upon a *899 nonresident motorist by service on the Secretary of State, is merely an alternative to service under CPLR 308).
Accordingly, plaintiffs motion to strike the affirmative defense of lack of jurisdiction is granted.