[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Scott Preli, has filed a motion (#133) to dismiss for lack of proper service of process on him. Practice Book 143(5). The complaint by the plaintiff, Ramon Nieves, alleges that on May 4, 1987, while a patron at a tavern operated by the defendants Robert Connolly and Rita Connolly, both individually, and d/b/a R and R Cafe, he was assaulted by defendant Preli and sustained personal injuries.
The return of service of process by Deputy Sheriff Moccia states that on April 20, 1989 "as I was unable to locate Scott Preli within my precinct, service was made on the Secretary of State, State of Connecticut, together with the statutory fee of $10.00, on behalf of Scott Preli, and thereafter by mailing, Certified Mail, Return Receipt Requested, a true and attested copy of the original Writ, Summons, and Complaint with my doings thereon endorsed to Scott Preli, 99 Stillwater Avenue, Stamford, Connecticut 06902, the last known address."
The motion to dismiss is accompanied by an affidavit by Preli in which he states that he resided at 99 Stillwater Avenue, Stamford, until approximately January, 1987, when he moved to 6 Joseph Street in Darien, where he resided until he went to prison in this state on July 6, 1988. The affidavit also indicates that Preli remained a prisoner until September 30, 1990, during which incarceration process was sent to him in April, 1989, directed to 99 Stillwater Avenue.
Plaintiff contends that Preli was properly served in accordance with General Statutes 52-59b, which provides for service of process on a "nonresident individual" who, among other things, commits a tort within this state. Such an individual is deemed to have appointed the secretary of the state as his agent for service of process, and the officer is also obliged to send a copy by registered or certified mail to the defendant's "last-known address." Preli claims that this court lacks jurisdiction over him because his last known address was not 99 Stillwater Avenue, because he had moved to Darien prior to the commencement of his prison sentence.
Prisoners in Connecticut may be served by leaving process at their residence or usual place of abode. Grant v. Dalliber, 11 Conn. 234, 238
(1836), holds that one's place of residence "is not changed or abandoned, by a constrained removal, as by imprisonment." This is the rule in other jurisdictions as well. See Bull v. Kistner, 135 N.W.2d 545, 548 (1965) ("[i]t is the general rule that a person's domicile or residence is not changed by his imprisonment"), and Sullivan v. Freeman, 944 F.2d 334, 337
CT Page 10153 (7th Cir. 1991).
Plaintiff, in claiming that 99 Stillwater Avenue was Preli's last known residence, asserts that he is relying "upon the address the defendant gave to the Stamford Police Department. . . [and] the expertise of Deputy Sheriff Richard Moccia. . ." Although service of process on a prisoner may be made at his last known residence, an issue has arisen in this case regarding whether Preli's last known residence was in Stamford, where he was purportedly served, or Darien, where he claims to have relocated prior to going to prison. This type of controversy requires an evidentiary hearing pursuant to Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 53,459 A.2d 503 (1983) ("[p]lacing the burden on the plaintiff to prove contested factual issues pertaining to jurisdiction is in accord with rulings in other states which have addressed the same question"). This hearing is scheduled for 2:00 p. m. on Thursday, December 9, 1993, at 123 Hoyt Street, Stamford.
So Ordered.
Dated at Stamford, Connecticut, this 23 day of November, 1993.
William B. Lewis, Judge