COBB, J.
The appellant, Gerald Shurman, was a defendant in a mortgage foreclosure action filed below by Atlantic Mortgage & Investment Corporation. At the time of service *1222 of process Shurman was incarcerated in state prison. Substituted service was had on his wife at their home, where he had resided prior to his incarceration.[1] A final judgment based on default was entered against Shurman and he now appeals challenging jurisdiction.
Shurman asserts that the trial court erred in its reliance upon Araujo v. Ramirez-Limon, 490 So.2d 1049 (Fla. 3d DCA), rev. denied, 500 So.2d 543 (Fla. 1986), and in finding that his “usual place of abode,” as that term is utilized in section 48.031(l)(a), Florida Statutes (1997), was at the residence where he had lived with his wife prior to his incarceration rather than his actual place of habitation at the time of service, which was the state prison. Shurman contends that the Florida Supreme Court’s opinion in State ex rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145 (1940) is controlling and emphasizes actual physical presence. Heffernan quotes from the case of Eckman v. Grear, 14 N.J.Misc. 807, 187 A. 556, 558 (1936):
Going one step further, ‘usual place of abode’ is the place where the defendant is actually living at the time of the service. The word abode means one’s fixed place of residence for the time being when the service is made. Thus, if a person has several residences, he must be served at the residence in which he is actually living at the time service is made.
Atlantic rejects Shurman’s construction of the statute that prison can be his “usual place of abode,” and argues:
In rejecting Shurman’s construction of the statute, the trial court relied on the case of Bull v. Kistner, 257 Iowa 968, 135 N.W.2d 545 (1965) quoted in Araujo v. Ramirez-Limon, 490 So.2d 1049 (Fla. 3d DCA 1986). R. 151. In Kistner, the defendant, like Shurman, challenged service that was made upon him b;y serving his wife at his family’s residence on the basis that at the time of service, the defendant was incarcerated. Id. at 546-47. Finding that such service was proper, the court construed the meaning of “usual place of abode” observing that “where one voluntarily establishes a place of abode or residence but is prevented from occupying it, by acts of sovereign or otherwise, his place of abode is not changed.” Id. at 547 {quoting, Bohland v. Smith, 7 F.R.D. 364, 365 (1947)). Because prison is a place of punishment which prevents the defendant from occupying his chosen residence, the court reasoned, the family home remains as the defendant’s usual place of abode. Id. at 548. The Kistner court determined that one’s residence is not changed by imprisonment, and that a married man’s usual place of abode is where his wife and family reside. Id. at 548-49.
Appellee’s Answer Brief, p. 5.
The Kistner rationale was followed in Montes v. Seda, 157 Misc.2d 895, 599 N.Y.S.2d 401, 403 (N.Y.Sup.Ct.1993), affirmed, 208 A.D.2d 388, 626 N.Y.S.2d 61 (1994). There, the court reasoned that if a person leaves a home for prison, and that home continues to be occupied by other family members, that person does not abandon that home as his usual place of abode. The court stated:
A degree of permanence and stability cannot be ascribed to a location to which the sovereign involuntarily places a person (at least in cases not involving long term imprisonment). Prison is where one resides as a means of punishment, segregation from the general society and away from one’s home and family. It should not, in cases of a prisoner having a family home, be considered the person’s dwelling or usual place of abode which, as indicated above, connotes a concept of permanency.[2]
Id. at 403.
*1223 At the evidentiary hearing held on Shur-man’s motion to set aside the foreclosure judgment it was established that Shurman and his wife had resided on the subject property some twelve years prior to his incarceration, and that his family continued to reside there afterward.
We agree that the instant service was valid and therefore affirm the trial court.
AFFIRMED.
ANTOON, C.J. and PETERSON, J., concur.

. Slate prisoners are served in the same manner as other natural persons. § 48.051, Fla. Stat. See also, Trawick, Florida Practice and Procedure, §§ 8-10.

. The length of Shurman’s prison sentence is not in the record and was not considered by the trial court when it determined that service was valid.