## UNITED STATES v. KNOX et al.
### Civ. No. 1072.

United States District Court
E. D. Tennessee, S. D.
Aug. 4, 1948.

J. B. Frazier Jr., U. S. Atty., of Chattanooga, Tenn., for plaintiff.

E. K. Meacham, of Chattanooga, Tenn., for defendants, Henry Washington Knox and Addie Knox.

DARR, District Judge.

The defendants, Henry Washington Knox and Addie Knox, have a motion to set aside the default and judgment thereon.

I will take up the grounds of the motion chronologically.

■ (1) That no valid service was obtained against the defendant, Henry Washington Knox.

I think the Marshal's return, together with the whole record, reflects that the Marshal delivered a copy of the summons and of the complaint to Knox's wife at his dwelling place and that this meets the requirements of the Rules which provide that service may be had by leaving copies of such papers at a defendant's "usual place of abode with some person of suitable age and discretion then residing therein". Federal Rules of Civil Procedure, rule 5(b), 28 U.S.C.A.

I feel confident that this is the truth about the situation.

■ (2) That the default and final judgment were made when Henry Washington Knox was an inmate in a federal prison.

This has no significance. There would have to be a showing that there was some reason why he did not make defense within the time required by the Rules rather than an alleged hindrance at the time of the entry of the default and judgment.

■ (3) The complaint that the money in the bank was not the proceeds of the sale of stolen property belonging to the United States goes to the merits of the controversy and is no reason for setting aside a default judgment.

■ The setting aside of a default and judgment based thereon depends upon a showing of why the person against whom the judgments are taken did not make the defense or comply with the Rules in making defense and not upon merits of the controversy.

■ This default judgment was entered by virtue of Rule 55(b) (2), Federal Rules of Civil Procedure, the Court deeming it wise to have established the truth of the averment that the money in the hands of the defendant Bank was money arising from the sale of the stolen property. This proof was found in the record in the criminal case.

In addition to the above I might state that while no attorney appears in the record as having made defense in the case that actually Mr. Tom Davis, who represented the defendant, Henry Washington Knox, in his criminal case, did appear from time to time in the civil matter. The stenographic record so indicates. This would not be an appearance whereby the parties would be in court and require the notice provided for in said Rule 55(b) (2), but is an equitable situation which satisfies me that these defendants are not surprised.

At one conference where Mr. Davis and the United States Attorney were present, Mr. Davis sought to obtain a portion of this money by some sort of agreement. The United States Attorney nor I saw any way that this could be done in view of the showing that all of this money arose from the sale of the stolen property.

But by virtue of this conference and after consideration, I reduced the sentence of the defendant, Henry Washington Knox, from eighteen months to one year and one day. This reduction was caused, in part at least, by the fact that the money Knox received had been recovered while the money of the other defendants had been spent. In other words, if this money had not been recovered by the Government the sentence would not have been reduced.

Therefore, upon consideration of the whole case I feel that the Rules and law have been met and that in doing so no injustice has been done these complaining defendants. Therefore, the motion is overruled.

Order accordingly.