STANDARD CHARTERED
BANK, Plaintiff,

v.

RED ROCK COMMODITIES
LTD., Defendant.

No. 92 Civ. 9231(PNL).

United States District Court,
S.D. New York.

Oct. 18, 1993.

Otterbourg, Steindler, Houston & Rosen, New York City (Stanley L. Lane, Jr., Diane B. Kaplan, of counsel), for plaintiff.

Fredericks & Davis, New York City (Jonathan D. Davis, of counsel), for defendant.

## *OPINION AND ORDER*

LEVAL, District Judge.

By order to show cause, plaintiff Standard Chartered Bank ("SCB") seeks entry of a

default judgment. Defendant Red Rock Commodities Ltd. ("RRC") cross-moves to set aside the clerk's entry of default and to be allowed to file its answer out of time.

### Background

SCB filed the action in December 1992 to recover over $14.2 million in loans and advances made to RRC and its co-obligor, Olges, Ltd. It is undisputed that SCB provided financing to RRC in the form of the issuance of letters of credit for RRC's account. SCB issued two letters of credit to finance RRC's contemplated purchases of steel for resale in Israel and advanced approximately $5.5 million, of which $2.8 million remains past due and unpaid.

SCB also issued a letter of credit in the amount of $12 million for the benefit of Olges for the purchase of wheat; this letter of credit was pursuant to a Letter of Credit and Reimbursement Agreement ("the Agreement"), among SCB, RRC, and Olges. This Agreement provided that:

> The Borrowers [RRC and Olges] shall reimburse [SCB] for the amount of any payment under the Letter or Credit ... 90 days after such payment is made or, if sooner, upon the execution of and availability of extensions of credit under, any new credit facility which is extended to either Borrower with respect to the purchase of wheat, with an amount available equal to or in excess of $12,000,000 (*it being understood that [SCB] shall have no obligation to ... extend any such facility*)....

(Emphasis added.)

SCB then advanced funds totalling nearly $12 million to Olges for Red Rock's account under this letter of credit. For various reasons, SCB did not thereafter extend a new credit facility for takeout financing. Repayment of the $12 million came due at the end of October 1992, and no repayment was made.

Following filing and service of the complaint in December 1992, RRC requested of SCB an agreement to an extension of time to answer; SCB agreed to extend the time to February 19, 1993. At a conference on February 19, 1993, RRC requested more time. The court entered a scheduling order pursu-

ant to which RRC would answer or move by March 12, 1993. Subsequently, SCB and RRC (now acting through new attorneys) agreed to extend this deadline to April 13, 1993. RRC then sought a further extension of time. On April 20, 1993, the court extended RRC's time to respond to the complaint to May 1, 1993. On April 29, two days before expiration of its time, by letter RRC sought yet another extension of time. The court denied the request on May 12, 1993. As this was after May 1, RRC was in default. On May 19, 1993, SCB's counsel obtain an entry of default from the clerk of the court.

SCB then sought entry of a default judgment, pursuant to Fed.R.Civ.P. 55(b)(2). RRC cross-moved to be allowed to file its answer out of time and to set aside the clerk's entry of default.

### Discussion

Rule 55(c), Fed.R.Civ.P., provides, in pertinent part, that, "For good cause shown the court may set aside an entry of default...." In *Meehan v. Snow*, 652 F.2d 274 (2d Cir. 1981) (per curiam), the Second Circuit explained that,

> the principal factors bearing on the appropriateness of relieving a party of a default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.

652 F.2d at 277 (citing cases). I believe that SCB prevails on all three of these factors.

First, RRC's default was willful. RRC had already received four extensions of time to respond when the court finally refused to grant a further extension. *See Schroeder v. Indorsky*, Comm.Fut.L.Rep. (CCH) ¶ 25,109, 1991 WL 161187, 1991 U.S.Dist. LEXIS 11186 (S.D.N.Y., Aug. 9, 1991). RRC contends the default was caused by the jailing of its president Menachem Pri–Har and should be excused. This is not convincing. Assuming his incarceration is relevant, *cf. United States v. Knox*, 79 F.Supp. 714, 715 (E.D.Tenn.1948), the fact remains that Mr. Pri–Har was not arrested until the end of March 1993, approximately three months after service of the complaint. His incarcera-

tion at that point does not justify RRC's failure to respond to the complaint. Similarly, his incarceration three months after this action was instituted does not explain or justify the company's failure to retain an attorney to represent it in this action until after the default. The fact is that RRC delayed and delayed, obtaining four extensions. Its request for the fifth extension was not submitted until two days before the expiration of its time. At this juncture it was near certain that the time would expire before the plaintiff had a chance to answer the request or the court had time to rule. Apart from the jailing of Mr. Pri–Har, it must have been apparent days before that RRC was not prepared to answer; yet it did not take timely steps to deal with the problem. Under the circumstances, the default must be seen as involving a considerable degree of willfulness.

Second, I do not believe RRC presents a meritorious defense to SCB's claims. RRC's primary contention is that SCB promised to extend takeout financing to RRC after the initial financing but then declined to do so. In the answer RRC proposes to file, this is both one of RRC's affirmative defenses and the core of its counterclaims. RRC has proffered little or no evidence in support of this theory.

It is highly unlikely this would prove to be a meritorious defense. In fact, the loan document at issue, executed *after* the alleged promise of further financing, expressly states that it may be modified only in writing. The alleged promise is therefore not a contractual commitment, and any contention of such an oral promise would likely be excluded under the parole evidence rule. Furthermore, as noted above, the Agreement explicitly stated that SCB "shall have no obligation to … extend any such" further financing. In addition the contention that SCB defrauded RRC by convincing RRC to accept a loan is quite problematical: if anyone would be harmed by such action, it likely would be the lender, who would lend the money and then be unable to recover it. RRC's other alleged counterclaims are largely presented in a conclusory

fashion. *See Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320–21 (2d Cir. 1986). As noted below, RRC may assert these claims in a related action. *See Turquoise Reef Hotel, Ltd. v. Lewis C. Bowers & Sons, Inc.*, 1991 WL 172843, 1991 U.S.Dist. LEXIS 12524 (D.Conn., July 15, 1991) ("The existence of valid counterclaims does not necessarily constitute a meritorious defense since defendants have not shown that they will be precluded from relief thereon.").

Finally, I find that SCB would be prejudiced if RRC is relieved of the entry of default, Indeed, entry of a default judgment would serve to protect SCB against the risk of RRC—which is apparently now out of business—losing or dissipating assets during the course of litigation. SCB has presented a persuasive case that RRC is liable on SCB's claims. It is not denied that SCB loaned some $12 million and has not been repaid. RRC has presented no clearly meritorious defense to these claims. If RRC is later unable to pay on this judgment, SCB would be prejudiced, as it would never recover the money borrowed and due. The prejudice to SCB from denying the default exceeds the prejudice to RRC from granting it. This default does not prevent RRC from asserting its counterclaims. RRC may assert these claims in a new and related action, to be consolidated with this case. The court may be willing to require that any monies seized by SCB based on the default judgment be held in escrow pending resolution of RRC's claims, if any such claims are filed, so that RRC would not be required to run the risk of SCB's continuing solvency. RRC thus preserves its counterclaims, but SCB, the unpaid lender, is not required to speculate on RRC's continued solvency during the time necessary to litigate RRC's counterclaims.[1]

I therefore conclude that the factors set out in *Meehan v. Snow, supra*, substantially favor SCB. Accordingly, I decline to set aside the entry of default against RRC, and I grant SCB's motion for entry of a default judgment. Fed.R.Civ.P. 55(b)(2). On application of RRC, the court will consider requir-

---

1. It is noteworthy in this context that RRC has postponed this litigation by failing to hire an attorney and repeatedly requesting adjournments.

ing that any monies collected by SCB on this judgment be held in escrow pending resolution of RRC's asserted claims against SCB. RRC may file an action based on those claims and have such action consolidated with this action.

### Conclusion

RRC's cross-motion to set aside entry of default and to file its answer out of time is denied. SCB's motion for entry of a default judgment is granted. SCB may submit judgment on notice.

SO ORDERED.