STATE *ex rel.* KING MERRITT v. THE HONORABLE DAVID J. HEFFERNAN, THE HONORABLE ROSS WILLIAMS, as Judges of the Civil Court of Record in and for Dade County, and RUTH W. EWING.

195 So. 145
Division A
Opinion Filed March 26, 1940

*Shutts, Bowen, Simmons, Prevatt & Julian, H. N. Boureau* and *Grady L. Crawford,* for Plaintiff in Error;

*Paul C. Taylor, Edwin L. Hubbard* and *Batchelor & Dyer,* for Defendants in Error.

THOMAS, J.—The procedure followed in litigating the issues in this case, culminating in a writ of error to this Court, was quite intricate.

Ruth Ewing, plaintiff, brought suit in the Civil Court of Record of Dade County against King Merritt, defendant, and thereupon summons *ad respondendum* issued to be later served by the sheriff (according to his return) : "* * * by leaving a true copy of this summons at his (Merritt's) usual place of abode with a member of his family then and there residing above the age of 15 years, to-wit: MRS. KING MERRITT, his wife, and by then and there showing to her this original and explaining to her the contents thereof."

The defendant appeared specially and moved to quash the return, charging that that part of it referring to "usual place of abode" was untrue and in support of his motion filed affidavits about defendant's residence in another state, Minnesota, where he had an office, voted and paid taxes.

On his own behalf he deposed that his family occupied an apartment at Miami Beach, where he joined them twice during the season, the last visit ending the very day service was made. Immediately before the deputy sheriff called at the apartment occupied by his family he had entrained for the distant State.

A judge of the civil court of record denied the motion to quash.

Merritt then became a relator in the circuit court where there was filed in his behalf a suggestion for writ of prohibition against the judges of the civil court of record to prevent them from exercising further jurisdiction and against Ruth Ewing to preclude prosecution of the original action. A rule *nisi* issued and demurrer to it was overruled. The judges filed formal answers and the litigant Ewing presented the issue of the truthfulness of the statement in the return with reference to leaving the .summons at the "usual place of abode." A jury was sworn to try this issue before Honorable Arthur Gomez and motion was then made to quash the rule *nisi* because the summons was regular "on its face" and matters *dehors* the record could not be presented by special appearance and motion to quash. The motion was denied and the jury found in favor of the respondents, the judges of the civil court of record and Ruth Ewing; consequently the circuit judge ordered the rule *nisi* in prohibition quashed. Writ of error issued and here the State of Florida *ex rel.* King Merritt is plaintiff in error and the judges and Ruth Ewing are defendants in error.

Much was said in the briefs about the correctness of presenting matters *dehors* the record by motion to quash, as was done in this case, but we shall not discuss it further than to observe that both parties submitted the question to

the court in this manner and it was not until the jury was sworn in the prohibition proceedings long afterward that the plaintiff, co-respondent there, questioned this method of procedure. Having submitted the issue to the judge of the civil court of record by motion and affidavits, it was too late after he had ruled thereon and the circuit court had entertained jurisdiction in prohibition, to assign the objection about the procedure.

Inasmuch as no party as relator or respondent in the circuit court objected to the determination of the issue of fact there by a jury, we will not comment on the practice but will deal with the merits of the case regardless of the steps followed resulting in the judgment of the circuit court quashing the writ of prohibition and thereby holding that the service on the relator, King Merritt, was sufficient.

At the outset we have the conviction that the real purpose of the service of summons *ad respondendum* is to give proper notice to the defendant in the case that he is answerable to the claim of plaintiff and, therefore, to vest jurisdiction in the court entertaining the controversy, for, as was said by Mr. Justice CLIFFORD, in Earle v. McVeigh, 1 Otto 503, 504, 91 U. S. 503, 23 L. Ed. 398, 401, "No man shall be condemned in his person or property without notice, and an opportunity to be heard in his defense. * * *" The substance of that decision was that the usual place of abode of the defendant was "his then present residence * * *."

We quote further from the case of Eckman v. Grear, 14 (N. J.) Misc. 807, 187 Atl. Rep. 556, 558:

"Going one step further, 'usual place of abode' is the place where the defendant is actually living at the time of the service. The word abode means one's fixed place of residence for the time being when the service is made. Thus, if a person have several residences, he must be served

at the residence in which he is actually living at the time service is made."

And in Mygatt v. Coe (N. J.), 44 Atl. Rep. 198, 199, 63 N. J. L. 510, 512, the following pertinent statement appears:

"The statute does not direct service to be made at the 'residence' of the defendant, but at his 'dwelling house' or 'usual place of abode,' which is a much more restricted term. As was said in Stout v. Leonard, 37 N. J. Law 492, many persons have several residences, which they permanently maintain, occupying one at one period of the year and another at another period. Where such conditions exist, a summons must be served at the dwelling house in which the defendant is living at the time when the service is made."

The law thus stated is particularly relevant to the State of Florida because so many residents of other parts of the United States spend an appreciable length of time here in the winter months, some in quest of health, some to enjoy the equable climate and others to pursue business occupations. One in this situation might well claim a domicile in another State but could not escape process when served on a member of his family at his place of abode here.

It is true that a person may lose one place of residence before establishing another (Amsbaugh v. Exchange Bank of Maquoketa, 33 Kan. 100, 5 Pac. Rep. 384), as is suggested by the plaintiff in error, but the record in this case does not convince us that plaintiff in error is within this category.

A decision, in which the related facts are very similar to the ones with which we are dealing, was given in Harrison v. Farrington, 35 N. J. Eq. 4, where service by leaving a copy of the summons at the place where the defendant was sojourning with his mother in the summer months was

upheld although he lived in another State and had left his home there in the charge of his servants.

In the instant case the relator had established his family in an apartment in Miami Beach, where they had been living for about two months, and where he had visited them. Athough his permanent residence was in a distant State, we think that his then place of abode was where his family was living. We can attach little importance to the fact that an hour or so before the summons was delivered to his wife he had left by train for his northern residence or place of business. Certainly it could not be said that his place of abode was on a common carrier. He was not accompanied by his family, who remained in this State for a considerable length of time after his departure. There was no convincing proof that he did not intend to return to Florida, and the principal purpose, as we have stated, being to advise him of the pendency of the suit, that was accomplished by the delivery of a copy of the writ to his wife.

We do not hold the view that Florida was the permanent residence of the defendant, but we feel that in the circumstance reflected in the record, it was his usual place of abode in contemplation of that expression as used in the statute. His family resided in this State at the time and had done so for a period of approximately two months. Nor do we feel that the plaintiff is within the classification of persons who had at the time of service lost one place of residence and had not yet established another.

Regardless of the steps taken to the ultimate conclusion reached by the circuit judge quashing the writ of prohibition, we think that justice has been done. Therefore, we affirm the judgment which we understand will result in the trial

of the original claim on its merits in the civil court of record.

Affirmed.

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.