PER CURIAM.
This appeal is from a trial court order that set aside and vacated a final judgment which had been rendered on the basis of a prior default judgment.
The trial court, after hearing, determined that there was ineffective service of process on the defendant Hyman Berman. Based on its finding of ineffective service of process, the trial court found that it lacked jurisdiction over the person of the defendant Berman and ruled that the final judgment which it had previously rendered was void ab initio. Plaintiffs appeal from that order.
An examination of the record on appeal reflects that service of process was attempted on the defendant Hyman Berman pursuant to § 47.13, Fla.Stat., now § 48.031, Fla.Stat., F.S.A.
There was substantial, competent evidence upon which the trial judge could find that the usual place of abode of the defendant was in Van Nuys, California at the time that substituted service of process was attempted upon him in this action. See State ex rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145 (1940).
Generally, a judgment that is void because of a lack of jurisdiction over a defendant may be set aside or vacated at any time. Gay v. McCaughan, Fla.1958, 105 So.2d 771; Sawyer v. State, 94 Fla. 60, 113 So. 736 (1927); and Rule 1.540(b) (4), “RCP”, 31 F.S.A. See also McIntosh v. Wibbeler, Fla.1958, 106 So.2d 195. We find that there was sufficient, competent evidence in the record and reasonable inferences therefrom which support the *725 chancellor’s findings. See Goldstein v. Pettinger, Fla.App.1966, 183 So.2d 740.
The order herein appealed is, therefore,
Affirmed.