390 So.2d 467 (1980)
Willie CUNNINGHAM and Patronella Cunningham, His Wife, Appellants,
v.
Clancie WHITE and Essie White, His Wife, Appellees.
No. 80-172.
District Court of Appeal of Florida, Third District.
November 25, 1980.
Martin Greenbaum, Miami Beach, for appellants.
Long & Smith, Miami, for appellees.
Before HUBBART, C.J., and BARKDULL and HENDRY, JJ.
HENDRY, Judge.
In August of 1977, the Cunninghams, appellants herein, filed an ejectment suit against the appellees. The action arose from a boundary dispute. A default was entered against the appellees when they failed to plead or appear, and on December 6, 1977 the court rendered final judgment *468 for the appellants. In June of 1978 the appellees moved to set aside the default and final judgments. This interlocutory appeal is from the trial court's December 1979 order vacating the judgment pursuant to Fla.R.Civ.P. 1.540(b). We affirm.
Fla.R.Civ.P. 1.540(b) provides, in relevant part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ... . The motion shall be made within a reasonable time, and... not more than one year after the judgment, decree, order or proceeding was entered or taken.
Initially, we note that the appellees' motion to vacate, filed six months after final judgment was entered, was timely made. This is not the only requirement that must be satisfied in order to have a judgment set aside, however. The general rule in such situations is that
relief may be granted within the sound discretion of the trial court upon a showing of the existence of a meritorious defense and a legal excuse for failure to comply with the rules.
Florida Investment Enterprises, Inc. v. Kentucky Co., 160 So.2d 733, 735 (Fla. 1st DCA 1964). The Cunninghams contend that the appellees failed to show a meritorious defense and excusable neglect and that the judge below abused his discretion in vacating the judgment.
The courts of this state have generally been quite liberal in setting aside default judgments, and any reasonable doubt should be resolved in favor of granting the motion in order to permit a trial on the merits. North Shore Hospital, Inc. v. Barker, 143 So.2d 849 (Fla. 1962). In their motion, the appellees stated that their neglect was excusable because they had previously litigated the same cause and thought that the matter was resolved. Apparently, two years prior to the present proceeding the Cunninghams filed a quiet title action over the same dispute and at the time of trial took a nonsuit. The court below was not informed of the prior litigation when the present ejectment action was filed. Appellees' motion also alleged a meritorious defense; the existence of a survey showing that the fence in question is on their own property.
Upon the record presented we are of the opinion that the appellees demonstrated excusable neglect and a meritorious defense. The trial judge did not abuse his discretion in setting aside the judgments. Accordingly, the order appealed from is affirmed.
Affirmed.