PER CURIAM.
The appellee attempted personal service on the appellant by serving the appellant’s wife at a Miami Beach condominium owned by the appellant, pursuant to Section 48.-031(1), Florida Statutes (1985). We hold that mere ownership of a condominium and service upon the wife of an owner will not suffice to establish “usual place of abode,” when the defendant submitted an affidavit that he was not in the jurisdiction on the date of purported service, and that in fact he does not reside in the United States. We recognize that residence and “usual place of abode” are two different terms. State v. Heffeman, 142 Fla. 496, 195 So. 145 (1940); Aravjo v. Ramirez-Limon, 490 So.2d 1049 (Fla. 3d DCA 1986); Panter v. Werbel-Roth Securities, Inc., 406 So.2d 1267 (Fla. 4th DCA 1981). We merely hold that the record in this case will not support a finding that the appellant/defendant was served at a “usual place of abode” in this county and remand the matter to the trial court for further proceedings which may include an attempt by the appellee to show by affidavit proof that the place wherein the defendant was served by service on appellant’s wife was in fact his “usual place of abode.”
Reversed and remanded with directions.