507 So.2d 777 (1987)
Luis MILANES, Appellant,
v.
COLONIAL PENN INSURANCE COMPANY, as subrogee of Thomas J. Kirkland, Appellee.
No. 86-2239.
District Court of Appeal of Florida, Third District.
May 26, 1987.
Rodolfo Sorondo, Jr., Coral Gables, for appellant.
Symons & Cherna and Ralph Symons, Miami, for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
PER CURIAM.

The Florida Supreme Court has established a policy of providing relief from defaults and allowing trials on the merits. If there is any reasonable doubt in the matter of vacating a default, it should be resolved in favor of granting the application and allowing the trial upon the merits. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). Although an abuse of discretion is necessary in order to reverse a trial court's ruling on a motion to vacate default, appellate courts need not find as great a showing of abuse to reverse a trial court's denial of a motion to vacate default as they do to reverse a grant of such a motion. Garcia Insurance Agency, *778 Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977).
Kuehne & Nagel, Inc. v. Esser Int'l, Inc., 467 So.2d 457, 458 (Fla. 3d DCA 1985) (quoting Zimmerman v. VinylGrain Indus., 464 So.2d 1353, 1354 (Fla. 1st DCA 1985)). This rule applies equally to final default judgments. See Cunningham v. White, 390 So.2d 467 (Fla. 3d DCA 1980). Section 48.031, Florida Statutes (1985), requires that service be at the "usual place of abode" of the person being served. This requirement, as with all requirements for substituted service, must be strictly complied with, or service is rendered void. Gonzalez v. Totalbank, 472 So.2d 861 (Fla. 3d DCA 1985); Herskowitz v. Schwartz & Schiffrin, 411 So.2d 1359 (Fla. 3d DCA 1982); Panter v. Werbel-Roth Secs., Inc., 406 So.2d 1267 (Fla. 4th DCA 1981). "The term `usual place of abode' means the place where the person is actually living at the time of service. Hauser v. Schiff, [341 So.2d 531 (Fla. 3d DCA 1977)]; State [ex rel. Merritt] v. Heffernan, 142 Fla. 496, 195 So. 145 (1940)." Panter, 406 So.2d at 1268. The evidence presented by Milanes in the present case supported his contention that the place of attempted service was not the place at which he was living at the time, or, as he stated, not his address, but that of his ex-wife. The only admissible evidence presented by Colonial at the hearing was the return of service, which did not refute Milanes's contention. In light of this, the trial court should have resolved whatever doubts it entertained in favor of Milanes and granted his motion to vacate the default and final judgment. See Panter, 406 So.2d at 1267.
We note that Colonial's service of process on the residence of Milanes's ex-wife did not satisfy the requirements of section 48.031. Service at the residence of a relative is not sufficient, regardless of the probability that the party being served will, or the fact the party does, learn of the attempted service. Panter, 406 So.2d at 1268-69; see also Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225 (Fla. 1986). In the present case, service was attempted not at the home of a relative but at the home of Milanes's ex-wife. Because of the conflicts which often arise between ex-spouses, there is an even stronger reason to reject the attempted service here.
The trial court's order denying Milanes's motion to set aside the default and final judgment was an abuse of discretion. Accordingly, the order is
Reversed and this case is remanded for further proceedings.