681 So.2d 758 (1996)
MERCY LU ENTERPRISES, INC., Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Appellee.
No. 95-2112.
District Court of Appeal of Florida, Fourth District.
September 4, 1996.
Keith D. Diamond of Keith D. Diamond, P.A., Miami, for appellant.
Jonathan S. Leiderman of Markowitz, Davis and Ringel, P.A., Miami, for appellee.
GROSS, Judge.
This is an appeal from an order denying appellant's motion to set aside a final judgment and quash service of process.
Appellee, Liberty Mutual Insurance Company, filed a complaint against appellant Mercy Lu Enterprises, Inc. to recover $36,039.00. On July 7, 1994, a process server attempted to serve the corporation at 3 Weston Road in Ft. Lauderdale, where he was informed that Mercy Lu was no longer at that address. A different entity transacted business there. The process server next attempted service on Mercy Lu's president and registered agent, Fernando Alvarez, at his residence in Coral Gables. A maid informed him that Alvarez and his wife were out of town.
Liberty Mutual filed an amended complaint on August 3, 1994, with the additional *759 allegation that Mercy Lu was concealing its whereabouts. The insurance company then effected service pursuant to section 48.181, Florida Statutes (1993), which authorizes service of process on the Secretary of State as the agent for a resident who conceals his whereabouts. To comply with section 48.161, Florida Statutes (1993), Liberty Mutual's attorney sent the notice of service and a copy of the process by certified mail to Mercy Lu at the Weston Road address. The return receipt shows an unidentified signature. Liberty Mutual obtained a default final judgment against Mercy Lu on September 22, 1994.
In May, 1995, Mercy Lu moved to vacate the default final judgment and quash service of process. It asserted that it had not received notice of the suit and that it had recently become aware of the judgment when advised of a title defect. In July and August, 1994, the records of the Secretary of State listed Mercy Lu's principal place of business as 7850 N.W. 146th Street, Suite 514, Miami Lakes, Florida. The state's records showed the Alvarez residence as the address for the president, secretary, treasurer, and registered agent for Mercy Lu.
Perfection of substituted service under section 48.161 requires strict compliance with the statutory requirements. Wyatt v. Haese, 649 So.2d 905, 907 (Fla. 4th DCA 1995). Due process values form the policy behind this stringency, to ensure that a defendant receives notice of an action against him. Id.; Knabb v. Morris, 492 So.2d 839, 841 (Fla. 5th DCA 1986). The problem with the notice mailed in this case is that there is nothing in the record that shows any connection between the Weston Road address and Mercy Lu. Green v. Nashner, 216 So.2d 492, 493 (Fla. 3d DCA 1968). Ignoring the addresses contained in the corporate records on file with the Secretary of State, Liberty Mutual chose a location for the section 48.161 mailing which was unlikely to result in actual notice to the defendant. Because service of process was not perfected, the trial court did not obtain jurisdiction over Mercy Lu. Wyatt, 649 So.2d at 907.
Reversed and remanded with directions to vacate the final judgment and quash service of process.
GLICKSTEIN and POLEN, JJ., concur.