867 So.2d 583 (2004)
Javier TORRES, Jr., Appellant,
v.
ARNCO CONSTRUCTION, INC., Appellee.
No. 5D03-1561.
District Court of Appeal of Florida, Fifth District.
March 5, 2004.
*585 Kevin Knight of deBeaubien, Knight, Simmons, Mantzaris & Neal LLP, Orlando, for Appellant.
Philip K. Calandrino of Philip K. Calandrino, P.A., Orlando, for Appellee.
MONACO, J.
The sole issue on this appeal is whether the appellant, Javier Torres, Jr., was properly served with process by substitute service pursuant to section 48.031, Florida Statutes (2002). Specifically, Mr. Torres asserts that he was not served at his "usual place of abode," as is required by the statute, and that his motion for relief from default judgment should have been granted. We agree.
The appellee, Arnco Construction, Inc. ("Arnco"), filed suit against Mr. Torres and his mother, Gregoria Torres, based on an agreement for the construction of a home that was executed by the parties in Florida. Arnco pled causes of action for breach of contract, unjust enrichment, and quantum meruit. Gregoria Torres filed an answer and counter-claim against Arnco, but Arnco apparently had a difficult time serving Mr. Torres.
An affidavit of a New York process server hired by Arnco related that he attempted to serve Mr. Torres on a number of occasions at his cooperative apartment in New York beginning on July 20, 2002, and ending on August 30, 2002. Although all attempts at service were unsuccessful, the New York process server indicated in his affidavit that he "verified" with a neighbor that Mr. Torres lived at the New York address, but that he was often out of town, and was expected to return in two weeks. When he attempted service on August 20th and August 30th, the process server said by affidavit that he thought someone was home, but would not answer the door.
While Arnco was attempting service in New York, it decided to serve Mr. Torres' mother, Gregoria, with substitute service on her son. The affidavit from the Florida process server indicates that process for Mr. Torres was "served on mother Gregoria Torres at residence" on August 15, 2002. The affidavit also indicates that he was told by Ms. Torres that "he (presumably Mr. Torres) would be home soon." Arnco made several more attempts to serve Mr. Torres in New York even after this purported substitute service.
Several months later Arnco filed a motion for default against Mr. Torres and the clerk of the circuit court entered a default. Arnco then moved for and received a default judgment against Mr. Torres for more than $59,000. A short time later, Mr. Torres, who learned of the default judgment from his mother's attorney, filed a motion to set aside the judgment based on lack of service of process, and sought, as well, to file an answer and counterclaim. Attached to the motion was an affidavit of Mr. Torres stating that he had been a resident of New York for 57 years, and that for twelve years his residence and usual place of abode was at the address in New York where Arnco attempted to serve him. He indicated that he never received process in this case and that no one was authorized as his agent to accept service for him. Finally, he said that he had no residence or usual place of abode in Florida. The trial court denied the motion to *586 set aside the default judgment after a hearing at which only the affidavits and other documents in the file, and arguments of counsel were considered. This appeal followed.
The purpose of service of process is to advise the defendant that an action has been commenced and to warn the defendant that he or she must appear in a timely manner to state such defenses as are available. See Shurman v. Atl. Mortgage & Inv. Corp., 795 So.2d 952 (Fla. 2001); Abbate v. Provident Nat'l Bank, 631 So.2d 312 (Fla. 5th DCA 1994). Jurisdiction is perfected by the proper service of process. Indeed, "a judgment entered without due service of process is void." Falkner v. Amerifirst Fed. Savs. & Loan Ass'n, 489 So.2d 758, 759 (Fla. 3d DCA 1986). Chapter 48, Florida Statutes, governs the methods that may be used to serve process. The statutes regulating service of process are to be strictly construed to assure that a defendant is notified of the proceedings. See Abbate; see also Carter v. Lil' Joe Records, Inc., 829 So.2d 953 (Fla. 4th DCA 2002). Indeed, because statutes authorizing substituted service are exceptions to the general rule requiring a defendant to be served personally, due process requires strict compliance with their statutory requirements. See Monaco v. Nealon, 810 So.2d 1084 (Fla. 4th DCA 2002); Mercy Lu Enters., Inc. v. Liberty Mut. Ins. Co., 681 So.2d 758 (Fla. 4th DCA 1996).
The statute governing the present case is section 48.031(1)(a), Florida Statutes (2002), reads in pertinent part:
Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint... or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.
In essence, then, the issue before us involves simply whether the trial court had sufficient competent evidence to enable it to conclude that substituted service was made on Mr. Torres at his usual place of abode.
In State ex. rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145, 147 (1940), the Florida Supreme Court defined the term "usual place of abode" as the place where the defendant "is actually living at the time of service." The word "abode" means "one's fixed place of residence for the time being when service is made." Id. If a person has more than one residence, he must be served at the residence in which he is actually living at the time of service. Id. The Florida Supreme Court noted later in Shurman v. Atlantic Mortgage & Investment Corp., 795 So.2d 952, 954 (Fla.2001), that courts have frequently invalidated substituted service of process in cases where the defendant was not actually living at the place where service was made, even though process might have been delivered to a relative. See, e.g., Alvarez v. State Farm Mut. Auto. Ins. Co., 635 So.2d 131 (Fla. 3d DCA 1994); Stern v. Gad, 505 So.2d 531 (Fla. 3d DCA 1987).
Our standard of review of an order ruling on a motion to vacate a default judgment is whether there has been a gross abuse of discretion by the trial court. See North Shore Hosp., Inc. v. Barber, 143 So.2d 849 (Fla.1962).[1] We make a number of observations in this regard. First, there was no live testimony considered by the trial court in denying the motion to set *587 aside final judgment. Rather, the court relied only on documents and arguments of counsel in concluding that it had personal jurisdiction. As a result, this is not a case where the trial court evaluated the demeanor and credibility of live witnesses. Second, we note that the party seeking to invoke the court's jurisdiction has the burden to prove the validity of service of process. See M.J.W. v. Dept. of Children & Families, 825 So.2d 1038 (Fla. 1st DCA 2002); Gilliam v. Smart, 809 So.2d 905 (Fla. 1st DCA 2002). We conclude that the record does not reflect competent evidence that Arnco met this burden.
The affidavit of Mr. Torres specifically denies that his place of abode is in Florida, and specifically avers that his place of abode is in New York where Arnco, which was apparently aware of this, tried unsuccessfully to serve him. Moreover, the affidavit of the New York process server tends to support the position of Mr. Torres that his place of abode is in New York. In particular, the process server confirmed with neighbors that, indeed, Mr. Torres lived there. Finally, the primary item that might support the trial court's orderthe Florida process server's notation that Mr. Torres' mother said that Mr. Torres would be home soonis ambiguous, at best. As Arnco did not meet its burden of proving that it served Mr. Torres in his place of abode, we conclude that it was error not to grant the motion of Mr. Torres for relief from judgment. Accordingly, we reverse and remand for proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
SAWAYA, C.J., concurs.
GRIFFIN, J., dissents with opinion.
GRIFFIN, J., dissenting.
I respectfully dissent. The trial court had two key items of information to consider. One was the affidavit of Mr. Torres in which he states in conclusory fashion that: "[I] do not have a residence or a place of abode in the State of Florida." Given the verb tense, this would mean that on the date of execution of the affidavit, February 20, 2003, he did not have a place of abode in Florida. This tells us nothing about what his circumstances were in August 2002 when service was made. The affidavit of attempted service in New York recites conversations with neighbors who related that Torres "lived [at the New York address] but was rarely home," and that on July 27th a neighbor said that he was "possibly visiting in Florida and would be back in approximately two weeks." If Mr. Torres were visiting his family for such lengths of time in Florida, that Florida address was his "usual abode" when he was served in Florida. See State ex rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145 (1940). It would also be consistent with the affidavit of the Florida process server who said that Torres' mother remarked that Torres "would be home soon, and she would see to it that he received the papers." In any event, the burden was on Torres to prove that the place of substitute service was not his usual place of abode and his affidavit is inadequate for that purpose.
NOTES
[1] In Emmer v. Brucato, 813 So.2d 264 (Fla. 5th DCA 2002), we questioned the difference between "abuse of discretion" and "gross abuse of discretion."