935 So.2d 69 (2006)
Irving WEISS, Appellant,
v.
MASHANTUCKET PEQUOT GAMING ENTERPRISE, Appellee.
No. 3D05-1458.
District Court of Appeal of Florida, Third District.
August 2, 2006.
Kirkpatrick & Escribano, and John E. Kirkpatrick, for appellant.
Kamen & Orlovsky, and Donald A. Orlovsky, South West Palm Beach, for appellee.
Before COPE, C.J., and RAMIREZ, and SUAREZ, JJ.
*70 RAMIREZ, J.
Irving Weiss appeals the denial of his motion to vacate a default final judgment entered in favor of appellee, Mashantucket Pequot Gaming Enterprise ("MPGE"). We reverse because the court entered judgment against Weiss without due service of process.
On March 1, 2002, MPGE filed a complaint to domesticate a foreign judgment. MPGE attempted substitute service on Weiss by serving his wife, Shelly Weiss, at her residence on March 6, 2002. At the time, Weiss was incarcerated and resided at the South Dade Federal Detention Center. Nine days after Shelly Weiss received service, Weiss was released, and he returned to his marital home. Weiss and his wife did not answer the complaint. Weiss died on August 8, 2002. On April 3, 2003, the court entered the default final judgment against Weiss.
Shelly Weiss was then appointed the personal representative of Weiss' estate. On April 6, 2005, she moved to vacate the entry of the default judgment. MPGE did not contest the invalidity of service of process. Instead, MPGE contended that the motion should be denied because Shelly Weiss waited too long to file the motion and she did not establish that Weiss lacked actual knowledge of the proceeding. The court subsequently denied the motion to vacate.
We find that the trial court improperly entered a default judgment against Weiss because the substitute service upon Shelly Weiss was ineffective. Del Conte Enters., Inc. v. Thomas Publ'g Co., 711 So.2d 1268 (Fla. 3d DCA 1998). Florida law is clear that substitute service must be made at the place a person actually lives at the time of service. Section 48.031(1)(a), Florida Statutes (2005), states that a person must be served at his or her usual place of abode. According to Shurman v. Atlantic Mortgage & Inv. Corp., 795 So.2d 952 (Fla.2001), a prisoner's "usual place of abode" is prison at time of service, and the trial court cannot gain jurisdiction over him by serving the prisoner's wife at the prisoner's former marital residence. Because Weiss resided at the South Dade Federal Detention Center when his wife received substitute service at the couple's home, service is ineffective.
Furthermore, it is of no consequence that the prisoner in Shurman was a state prisoner and Weiss was a federal detainee. Florida law overwhelmingly favors a person's usual place of abode as being where the person is actually living at the time of service. See State ex rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145 (1940). In Heffernan, the Florida Supreme Court stated,
`Going one step further, "usual place of abode" is the place where the defendant is actually living at the time of the service. The word abode means one's fixed place of residence for the time being when the service is made. Thus, if a person has several residences, he must be served at the residence in which he is actually living at the time service is made.'
Id. See also Shurman, 795 So.2d at 954. Thus, Weiss should have received service of process at the South Dade Federal Detention Center.
Additionally, the fact that Shelly Weiss moved to vacate the entry of the default final judgment approximately two years after the entry of the default final judgment is irrelevant. A judgment entered without due service of process is void. See Del Conte Enters., Inc. v. Thomas Publ'g Co., 711 So.2d 1268 (Fla. 3d DCA 1998). Florida Rule of Civil Procedure 1.540(b)(4) permits motions for relief from void judgments to be filed at any time. *71 Thus, the fact that Shelly Weiss moved to vacate over one year after the entry of the judgment is irrelevant.
Accordingly, because there was no valid service of process on Weiss, the default final judgment is void. We therefore reverse the entry of the default final judgment against Weiss and instruct the trial court to vacate the default final judgment entered against him.
Reversed and remanded with instructions.