DAMOORGIAN, J.
 

 Sandra and Michael Beckley (the Defendants) timely appeal the trial court’s non-final order denying their cross-motion to quash service of process and non-final order granting Best Restorations, Inc.’s (the Plaintiff) motion for default. We reverse the trial court’s order denying the Defendants’ cross-motion to quash service of process because section 48.031(6), Florida Statutes (2008) was not a valid method for the Plaintiff to serve the Defendants. By doing so, we deem moot whether the order granting the motion for default is an ap-pealable non-final order.
 

 On March 18, 2008, the Plaintiff brought a complaint against the Defendants alleging that they failed to pay for repair and restoration work on their home located in Deerfield Beach, Florida. A summons was issued for the Defendants listing the Deer-field Beach home address. The Plaintiff unsuccessfully attempted to serve the Defendants at that address. Through the use of a private investigator, the Plaintiff discovered that the Defendants owned a house in Knoxville, Tennessee, and service was attempted at the Knoxville address. The process server in Knoxville discovered
 
 *126
 
 that the Defendants were in Florida so the Plaintiff once again attempted to serve the Defendants at their Deerfield Beach home. The Florida process server’s affidavit reflected that nobody was living at the Deer-field Beach home and that it was up for sale.
 

 The Plaintiff discovered that the Defendants maintained a UPS store mailbox in Sevierville, Tennessee. On November 10, 2008, the Plaintiff delivered copies of an Alias Summons and Complaint to the owner of the UPS store in Sevierville. Thereafter, the Plaintiff moved for default, arguing that the Defendants had been served at the mailbox address, pursuant to section 48.031(6), Florida Statutes (2008), and had failed to file or serve any paper in response. The Defendants opposed the motion and filed a cross-motion to quash service, arguing that the conditions for private mailbox service were not met. The trial court denied the Defendants’ cross-motion to quash service.
 

 The issue in this case is whether section 48.031(6), Florida Statutes (2008) is a permitted method of service under the facts of this case. This is a question of law subject to a de novo standard of review on appeal.
 
 Mecca Multimedia, Inc. v. Kurzbard,
 
 954 So.2d 1179, 1181 (Fla. 3d DCA 2007).
 

 Section 48.031(6), Florida Statutes (2008) reads as follows:
 

 If the only address for a person to be served, which is discoverable through public records, is a private mailbox, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, but only if the process server determines that the person to be served maintains a mailbox at that location.
 

 The Plaintiff argues that substitute service by private mailbox service under section 48.031(6), Florida Statutes (2008) is proper, provided that a plaintiff has first made a diligent effort to serve a defendant at any address or addresses discoverable through public records. The Defendants counter that the statute, by its very terms, applies only to those instances where the only address for a defendant, which is discoverable through the public records, is a private mailbox.
 

 The plain language of the statute leads us to conclude that substitute service on the Defendants pursuant to section 48.031(6), Florida Statutes (2008) is limited to those instances where the only address discoverable through the public records to effect service is a private mailbox maintained by the party to be served.
 
 See Cruz v. Petty Transp., LLC,
 
 No. 6:08-cv-498-Orl-22KRS, 2008 WL 54059828 (M.D.Fla. Aug. 27, 2008);
 
 Kramer v. MRT, LLC,
 
 No. 07-80931-CIV, 2008 WL 877211 (S.D.Fla. Apr.1, 2008);
 
 see also Rinker Materials Corp. v. City of North Miami,
 
 286 So.2d 552, 553 (Fla.1973) (stating that the rules of statutory construction instruct that statutes must be given their plain and obvious meaning and it must be assumed that the legislature knew the plain and ordinary meaning of words).
 

 Here, private mailbox service pursuant to section 48.031(6), Florida Statutes (2008) was not an appropriate method of substitute service on the Defendants because the Plaintiff did not prove that the only address for the Defendants, which was discoverable through public records, was a private mailbox.
 
 See Henzel v. Noel,
 
 598 So.2d 220, 221 (Fla. 5th DCA 1992) (citing
 
 Carlini v. State Dep’t of Legal Affairs,
 
 521 So.2d 254 (Fla. 4th DCA 1988)) (noting that the party seeking to invoke the jurisdiction of the court has the burden to prove the validity of service of process). The record reflects that the Plaintiff discovered at least one address
 
 *127
 
 through public records at which to serve the Defendants, and unsuccessfully attempted to serve them at that address.
 

 Accordingly, we reverse the trial court’s order denying the Defendants’ cross-motion to quash service of process and remand with instructions for the trial court to quash service of process. Our conclusion does not, however, preclude the Plaintiff from utilizing other avenues for service of process which might be available to it under the laws of this state.
 

 Reversed and remanded with instructions.
 

 POLEN and STEVENSON, JJ., concur.