*1011
 
 LAGOA, Judge.
 

 Clauro Enterprises, Inc., (“Clauro”) and Ricardo Rupcich (“Rupcich”) appeal an order denying their motion to vacate a final default judgment for lack of jurisdiction entered in favor of Aragon Galiano Holdings, LLC (“Aragon”). Clauro and Rup-cich challenge the entiy of the respective default judgments on the ground that service of process was defective. We affirm as to Clauro. However, we reverse as to Rupcich because we agree that service on him, individually, was defective.
 

 I.
 
 FACTUAL AND PROCEDURAL HISTORY
 

 In February 2008, Aragon filed a multi-count complaint against Clauro and Rup-cich, individually, for breach of contract, conversion, civil theft, and unjust enrichment. Pursuant to section 48.031(6), Florida Statutes (2008), Aragon attempted service on both Clauro and Rupcich by leaving copies of the complaint and summons with the owner of a UPS mailbox store located in Weston, Florida. Neither defendant filed or served a responsive pleading, and in April 2008, the trial court entered a final default judgment against both defendants, and awarded damages to Aragon.
 

 Following the entry of the final default judgment, Aragon sought discovery in aid of execution on the judgment. The defendants failed to respond to the discovery requests, and Aragon filed a motion to compel. At the hearing on that motion, the trial court entered an order compelling the defendants to respond to the discovery in aid of execution or be deemed in contempt of court. A copy of the order was mailed to each defendant at the private mailbox located at the Weston UPS store. When the defendants failed to comply with the order, Aragon filed a motion for a rule to show cause why the defendants should not be held in contempt and for a writ of bodily attachment. Aragon served Rup-cich with this motion at his residence in Weston, Florida.
 

 In response, the defendants filed a motion to vacate the default judgment for lack of jurisdiction, arguing that neither had been served in compliance with section 48.031(6). In support of their motion, the defendants filed the affidavit of Rupcich, who asserted that he did not maintain a personal mailbox at the Weston UPS store and that his home address was easily ascertainable through the public records. The trial court denied the motion to vacate, and this appeal ensued.
 

 II.
 
 ANALYSIS
 

 On appeal, Clauro and Rupcich argue that Aragon failed to effect proper service necessary for the trial court to obtain personal jurisdiction over either defendant. We find that the trial court did not abuse its discretion in denying the motion to vacate as to Clauro, and we affirm that portion of the order without further comment. We agree, however, that Aragon failed to comply with section 48.031(6), Florida’s substitute service statute, when it attempted to serve Rupcich, individually.
 

 Substitute service statutes are an exception to the rule requiring personal service, and it is well-settled that such statutes must be strictly construed in order to protect a defendant’s due process rights.
 
 See Alvarado v. Cisneros,
 
 919 So.2d 585, 588-89 (Fla. 3d DCA 2006);
 
 Torres v. Arnco Constr., Inc.,
 
 867 So.2d 583, 586 (Fla. 5th DCA 2004);
 
 Fed. Nat’l Mortgage Ass’n v. Fandino,
 
 751 So.2d 752, 753 (Fla. 3d DCA 2000), and cases cited therein.
 

 Section 48.031(6), states as follows:
 

 If the only address for a person to be served, which is discoverable through
 

 
 *1012
 

 public records, is a private mailbox,
 
 substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, but only if the process server determines that the person to be served maintains a mailbox at that location.
 

 (Emphasis added). In determining whether service is proper under this statute, the court must consider the plain language of the statute.
 
 See Beckley v. Best Restorations, Inc.,
 
 13 So.3d 125 (Fla. 4th DCA 2009). The statute only permits substitute service at a private mailbox if (1) it is the
 
 only
 
 address discoverable through the public records, and (2) the process server determines that the person to be served maintains a mailbox at that location.
 
 See Beckley,
 
 13 So.3d at 125;
 
 Kramer v. MRT, LLC,
 
 No. 07-80931-CIV, 2008 WL 877211, at *1 (S.D.Fla. Apr. 1, 2008). Both requirements must be met. Here, Aragon has not met either.
 

 With regard to the first requirement, Aragon did not and could not meet its burden of establishing that the only address for Rupcich discoverable through the public records was a private mailbox. Rupcich’s affidavit clearly demonstrated that a review of the public records showed that since the year 2000 he has owned property in Weston, Florida for which he claims a homestead exemption. Moreover, at oral argument this Court noted that a search of the Broward County Property Appraiser’s official website (http://www. bcpa.net) easily revealed the Weston home address for Rupcich. Finally, Aragon successfully served Rupcich at the Weston home address with its motion for rule to show cause and for writ of bodily attachment — definitive evidence that the private mailbox was not the only address for Rup-cich discoverable through the public records.
 

 Aragon’s failure to meet the first statutory requirement would be sufficient for us to reverse the default judgment against Rupcich, individually. Nonetheless, we also conclude that Aragon failed to meet the second statutory requirement because it failed to show that the process server determined that Rupcich maintained a mailbox at the Weston UPS store. In support of its position that service was proper, Aragon points to the return of service. That return of service, however, merely recites that service was in accordance with section 48.031(6), but it does not demonstrate that Aragon met either statutory requirement. “An affidavit [of service] which merely alleges that the service of process statute has been complied with is insufficient to meet the proponent’s initial burden of establishing proper service.”
 
 York Commc’ns, Inc. v. Furst Group, Inc., 724
 
 So.2d 678, 679 (Fla. 4th DCA 1999).
 
 See Johnston v. Halliday,
 
 516 So.2d 84, 85 (Fla. 3d DCA 1987) (holding that a return of service merely stating that substituted service was effected on the defendant’s son who was “of suitable age and discretion” was insufficient absent facts establishing that the process server complied with specific requirements for substituted service).
 

 Despite Aragon’s assertion to the contrary, the return of service does not indicate that the process server spoke with the owner or an employee in charge of the UPS store to determine that Rupcich actually maintained a mailbox at that store. In addition, Aragon did not introduce any evidence that the process server made such a determination in any other manner. In contrast, Rupcich’s affidavit denied that he maintained a private mailbox at the UPS store. Accordingly, no evidence exists to conclude that the process server determined that Rupcich maintained a mailbox at the Weston UPS store.
 
 See Kramer,
 
 2008 WL 877211, at *1.
 

 
 *1013
 
 Because Aragon failed to show that it met either statutory requirement for substitute service on Rupcich, individually, we find that service under section 48.031(6) was invalid as to Rupcich, individually.
 
 See Beckley,
 
 18 So.3d at 125;
 
 Kramer,
 
 2008 WL 877211, at *1. “It is well-settled that ‘[a] judgment entered without valid service is void for lack of personal jurisdiction and may be collaterally attacked at any time.’ ”
 
 Alvarado,
 
 919 So.2d at 587 (quoting
 
 Great Am. Ins. Co. v. Bevis,
 
 652 So.2d 382, 383 (Fla. 2d DCA 1995));
 
 see Falkner v. Amerifirst Fed. Savs. & Loan Ass’n,
 
 489 So.2d 758, 759 (Fla. 3d DCA 1986) (“A judgment entered without due service of process is void.”). Because Ara-gon failed to comply with section 48.031(6), the trial court did not have personal jurisdiction over Rupcich, and the default judgment is void.
 
 See Weiss v. Mashantucket Pequot Gaming Enter.,
 
 935 So.2d 69 (Fla. 3d DCA 2006);
 
 Fandino,
 
 751 So.2d at 753-54;
 
 Alvarez v. State Farm Mut. Auto Ins. Co.,
 
 635 So.2d 131 (Fla. 3d DCA 1994). Accordingly, we reverse and remand with instructions that the default judgment entered against Rupcich be vacated forthwith.
 

 Affirmed in part, reversed in part, and cause remanded for proceedings consistent with this opinion.