DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TAMAS TIBOR KRISZTIAN,**
Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,** as Subrogee of
**RENEE M. FIORE,**
Appellee.

No. 4D14-892

[July 22, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Peter D. Blanc, Judge; L.T. Case No. 502008CA027942.

Alexander O. Soto and Christina L. Feyen of The Soto Law Group, P.A., Fort Lauderdale, for appellant.

Melissa S. Comras of Hiday & Ricke, P.A., Jacksonville, for appellee.

MAY, J.

The defendant in a subrogation action appeals a default final judgment and an order denying his motion to quash service of process. He argues the trial court erred in finding that he had been properly served. We agree and reverse.

State Farm, as subrogee of its insured, filed suit against the defendant, regarding an auto accident. The defendant admits that State Farm repeatedly attempted, but failed, to personally serve him with process from September 11, 2008, until August 18, 2011, at multiple locations.

On August 18, 2011, State Farm effectuated substitute service on the defendant by delivering the third pluries summons and complaint at a Hollywood address to Elena Kaira as co-resident. The return of service stated that the Hollywood address was the defendant's usual place of abode.

On September 22, 2011, State Farm moved for a clerk's default against the defendant, which the clerk's office entered. Upon State Farm's motion,

the court granted a final judgment against the defendant. On December 21, 2011, the defendant moved to quash service of process and set aside the default final judgment. He argued the Hollywood address was not his usual place of abode. On July 23, 2012, the court granted the defendant's motions and set aside the judgment.

On October 24, 2012, State Farm served the defendant through a process server at a different Hollywood business address. The process server effectuated "designated" service by giving a copy of the summons and complaint to a person "who stated that he/she was the designated person to accept service on the within named subject's behalf in their absence, and informed said person of the contents therein in compliance with state statutes." The return of service also stated that she "said she has been authorized by [the defendant] to accept—she also called him." On June 11, 2013, State Farm again moved for a default and final judgment.

On January 28, 2014, the defendant again moved to quash service of process. He alleged that the new Hollywood address was a "virtual business office for numerous companies that use the workplace on a flexible contract basis." He also alleged that it was not his usual place of abode under section 48.031, Florida Statutes.

State Farm filed an affidavit attesting that it made a diligent search and inquiry to discover the defendant's residence. The affidavit described the history of State Farm's search for the defendant. Through the affidavit, State Farm alleged that the defendant had concealed himself to avoid service of process.

The court ordered a special set hearing on the defendant's motion to quash and State Farm's motion for default and final judgment. The court's order indicated that copies were furnished by e-service to attorneys, including defendant's counsel. Neither the defendant nor his counsel appeared at the hearing.

The court denied the defendant's motion to quash service, finding the October 24, 2012 service

> was proper under FS 48.031(6). The court finds that the address served constitutes a private mailbox and Plaintiff has complied with the statutory requirements for same by showing that the only address discoverable for Defendant through the public records is the private mailbox address. The Court also finds upon the entirety of the record that the Motion to Quash

2

should be denied.

The court entered a default and final judgment against the defendant for $166,724. The defendant now appeals.

The defendant argues State Farm failed to meet its burden to strictly comply with the statutory requirements for substitute service. He asserts that substitute service was not properly made on him at a private mailbox pursuant to section 48.031(6), Florida Statutes. He argues the Hollywood office was not the only address discoverable and the process server failed to determine that the person who received service was in charge of his mailbox.

We review orders on a motion to quash service of process de novo. *Hernandez v. State Farm Mut. Auto. Ins. Co.*, 32 So. 3d 695, 698 (Fla. 4th DCA 2010).

"Substitute service statutes are an exception to the rule requiring personal service, and . . . must be strictly construed . . . to protect a defendant's due process rights." *Clauro Enters., Inc. v. Aragon Galiano Holdings, LLC*, 16 So. 3d 1009, 1011 (Fla. 3d DCA 2009). The burden in proving "the validity of service of process is on the party seeking to invoke the court's jurisdiction." *McDaniel v. FirstBank P.R.*, 96 So. 3d 926, 928 (Fla. 2d DCA 2012).

Under section 48.031(6), Florida Statutes:

> If the *only address for a person to be served, which is discoverable through public records, is a private mailbox*,[1] substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, but only if the process server determines that the person to be served maintains a mailbox at that location.

§ 48.031(6), Fla. Stat. (2012) (emphasis added); *Clauro Enters., Inc.*, 16 So. 3d at 1011–12.

Our decision in *Beckley v. Best Restorations, Inc.*, 13 So. 3d 125 (Fla. 4th DCA 2009), is instructive. There, the plaintiff unsuccessfully attempted to serve the defendants at a home in Deerfield Beach, Florida and Knoxville, Tennessee. *Id.* at 125–26. The process server's affidavit

---

[1] There is no definition of "private mailbox" in the Florida Statutes. *See TID Servs., Inc. v. Dass*, 65 So. 3d 1, 6 (Fla. 2d DCA 2010).

3

reflected that the Deerfield Beach home was vacant.  *Id.* at 126.  The process server then served the defendants at a private mailbox in Sevierville, Tennessee.  *Id.*  The defendants moved to quash service, which the trial court denied.  *Id.*

On appeal, the plaintiff argued substitute service was proper because it first made a diligent effort to serve the defendants at the addresses discoverable through public records.  *Id.*  We held:

> The plain language of the statute leads us to conclude that substitute service on the Defendants pursuant to section 48.031(6), Florida Statutes (2008) is limited to those instances where the only address discoverable through the public records to effect service is a private mailbox maintained by the party to be served.
>
> Here, private mailbox service pursuant to section 48.031(6), Florida Statutes (2008) was not an appropriate method of substitute service on the Defendants because the Plaintiff did not prove that the only address for the Defendants, which was discoverable through public records, was a private mailbox. The record reflects that the Plaintiff discovered at least one address through public records at which to serve the Defendants, and unsuccessfully attempted to serve them at that address.

*Id.* at 126–27 (internal citations omitted).

State Farm also failed to meet the requirements of section 48.031(6). The trial court found that the Hollywood address was the only address discoverable through public records, but the evidence is contrary to this finding.  State Farm's affidavit of diligent search listed multiple addresses where the process server attempted service.

Although State Farm unsuccessfully attempted to serve the defendant at the other addresses, that is insufficient to invoke service under section 48.031(6).[2]  *See Beckley*, 13 So. 3d at 126–27.  The court erred in denying

---

[2] We are not unsympathetic as it appears the defendant is avoiding service. However, the trial court did not find the defendant was avoiding service, and we were not provided with a transcript from the hearing.

the defendant's motion to quash.[3]

Because State Farm did not properly serve the defendant, the trial court did not have personal jurisdiction over him. We therefore reverse the trial court's order denying the motion to quash service of process and remand for the trial court to quash service of process, and vacate the default final judgment. *Clauro Enters., Inc.*, 16 So. 3d at 1013; *Beckley*, 13 So. 3d at 127.

*Reversed and remanded.*

TAYLOR and KLINGENSMITH, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[3] The defendant also argues the court erred in denying his motion to quash service because the service return was not valid on its face and a virtual executive office is not an individual's private mailbox. We do not reach these issues as they are unnecessary to our holding.