DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CELEBRITY ACTORS CAMP, INC., and
ADRIAN WINEBARGER, a.k.a. ADRIAN R'MANTE,

Appellants,

v.

ALLISON BREDBENNER,

Appellee.

No. 2D2023-1742
_____

September 18, 2024

Appeal pursuant to Fla. R. App. P. 9.130 from the County Court for
Hillsborough County; Monique M. Scott, Judge.

Cynthia Conlin of Cynthia Conlin & Associates, Orlando, for Appellants.

Derek T. Matthews, David H. Page, and Daniel A. Alvarez of Matthews
Law & Associates, P.A., Valrico, for Appellee.


SILBERMAN, Judge.

Celebrity Actors Camp, Inc., and Adrian Winebarger, a.k.a. Adrian
R'Mante, appeal the order denying (1) their motion to quash service of
process and vacate a default final judgment, (2) their motion for
rehearing and motion to vacate a second final judgment, and (3) their
counterclaim and motion to transfer the case to the circuit court. We are
compelled to reverse the order on appeal because Celebrity and

Winebarger had not been properly served with the complaint. Thus, the clerk's default must be vacated, and the initial default final judgment must be set aside as void for lack of due process. The second final judgment must also be set aside as void as it was based upon the clerk's default and the initial final judgment. In light of our disposition, we do not address Celebrity and Winebarger's other arguments raised on appeal.

## I.  BACKGROUND

Allison Bredbenner filed a complaint against Celebrity, Winebarger, and R'Mante for replevin and breach of contract. Winebarger is the sole officer and shareholder of Celebrity. His stage name is Adrian R'Mante.[1] Bredbenner entered into a service contract with Celebrity and paid $5,500 for a "VIP" service to be provided to her son, which included "20 online Training Videos, 7 days training with celebrities for commercials, television and film, professional Acting Reel, LIVE audience at the world famous Hudson Theatre, a copy of the Live Showcase, 1 LA tour trip, and Industry Q & A series." Bredbenner's complaint alleged that Celebrity and Winebarger failed to provide the services called for in the contract and that she was entitled to recover the money she had paid them. Service of process on Celebrity and Winebarger was purported to have been completed at Florida Pak Mail, which is a store offering mailbox services. Celebrity maintains a mailbox at Pak Mail, and Celebrity provided the Florida Division of Corporations with the address of the mailbox as the address for its officer and registered agent as well as the address of its principal office and mailing address.

---

[1] Because Winebarger and R'Mante are the same person, this opinion will refer only to Winebarger.

On December 8, 2022, a clerk's default and the initial default final judgment were entered against Celebrity, Winebarger, and R'Mante. Bredbenner was awarded $5,500 as principal and $1,000 in attorney's fees and court costs, plus postjudgment interest calculated at 4.34% per year. In February 2023, after learning of the initial final judgment, Celebrity and Winebarger filed a motion asking the county court to quash service of process, to vacate the initial final judgment as void, and to dismiss Bredbenner's lawsuit against them. One month later, before the court had considered the motion, Celebrity and Winebarger filed an answer, affirmative defenses, a counterclaim and third-party complaint, a motion to transfer the case to the circuit court, and a notice of hearing for May 10, 2023.

On April 18, 2023, prior to the scheduled hearing and without addressing the pending motions, the county court entered a second final judgment again awarding Bredbenner a total sum of $6,500 but now providing that postjudgment interest shall accrue at 6.58% per year. Celebrity and Winebarger then filed a motion for rehearing and second motion to vacate both final judgments. The motion asserted that the second final judgment was improper as Bredbenner had already obtained a final judgment. The motion also noted that Celebrity and Winebarger had filed a motion to vacate the initial judgment that had not yet been addressed by the county court.

The county court held a hearing on Celebrity and Winebarger's motions and denied all relief. In its order, the court found, among other things, that Celebrity and Winebarger "failed to exercise due diligence upon learning of the default by responding ten (10) weeks from entry of default." The order is silent as to the sufficiency of service of process. This appeal follows.

3

## II.  ANALYSIS

As we now explain, we reverse the order denying relief because Bredbenner did not strictly comply with the statutory requirements for service of process on a person or corporation through a private mailbox. Therefore, the clerk's default must be vacated, and the initial final judgment must be set aside as void.  The second judgment must also be set aside as void as it was based upon the default and the initial judgment and was entered while the motion to quash service and to vacate the initial judgment was pending.  *See Lakeview Auto Sales v. Lott*, 753 So. 2d 723, 724 (Fla. 2d DCA 2000) ("A trial court may not enter a default judgment without first determining the merits of any pending motion to set aside the default.").

As provided for in section 48.031(6)(a), Florida Statutes (2022):

> If the only address for a person to be served which is discoverable through public records is a private mailbox, . . . substituted service may be made by leaving a copy of the process with the person in charge of the private mailbox, . . . but only if the process server determines that the person to be served maintains a mailbox . . . at that location.

*See also TID Servs., Inc. v. Dass*, 65 So. 3d 1, 6 (Fla. 2d DCA 2010) (analyzing a prior version of section 48.031(6)).  Claimants do not have "carte blanche to make service of process on corporations at private mailbox addresses."  *Dass*, 65 So. 3d at 6.  Instead, they must "establish strict compliance with the statutory requirements."  *Id.*  If they fail to do so, "delivery of process to a person in charge of a private mailbox will be invalid."  *Id.*

> In order to perfect service of process on [a] corporation by serving the person in charge of a mailbox store, Plaintiff must establish that certain conditions exist.  Plaintiff must show (1) that the address of record of the corporation's officers, directors, registered agent and principal place of business

4

> was a private mailbox, (2) that the only address discoverable
> through public records for the corporation, its officers,
> directors, or registered agent was a private mailbox, and (3)
> that the process server properly determined that the
> corporation, or its officer, director, or registered agent
> maintains a mailbox at that location prior to serving the
> person in charge.

*Id.* at 7 (alteration in original) (quoting *Cruz v. Petty Transp., LLC*, No. 6:08-cv-498-Orl-22KRS, 2008 WL 4059828, at *1 (M.D. Fla. Aug. 27, 2008)); *see also Beckley v. Best Restorations, Inc.*, 13 So. 3d 125, 126 (Fla. 4th DCA 2009).

In *Dass*, Tulsie Dass attempted to serve TID, a corporation, with process by serving the owner and manager of a UPS store where TID maintained a private mailbox. 65 So. 3d at 3. The manager accepted service of process and placed it in TID's mailbox. *Id.* TID provided to the Florida Department of State the private mailbox address for mail, for its principal place of business, and for its officers, directors, and registered agent. *Id.* at 2. After the UPS manager accepted service, TID's mailbox remained unvisited for months. *Id.* at 3. A default and final judgment were subsequently entered in favor of Dass. *Id.* at 3-4.

Upon learning of the entry of the clerk's default and final judgment, TID filed a motion to vacate both arguing that the judgment was void because service of process at the private mailbox was invalid. *Id.* at 4. The trial court denied the motion to vacate after a hearing and found that "[TID] was lawfully served at the address provided by it to the State of Florida Secretary of State as the business address of the corporation and its [registered] agent." *Id.* at 5 (alterations in original).

On appeal, this court concluded that Dass satisfied the first and third statutory requirements for service at a private mailbox but "failed to show that the *only* address discoverable through the public records for

the corporation, its officers, directors, or registered agent was a private mailbox." *Id.* at 7. We also noted that the circuit court failed to address the second requirement in its order. *Id.* We recognized that this information "could have been provided relatively easily by a person who had made a search of the public records concerning the address or addresses on record for the corporation." *Id.* As a result, we reversed the order denying TID's motion to vacate and remanded for the trial court to vacate the default and final judgment and to conduct further proceedings. *Id.* at 8.

Here, similar to the lack of proof in *Dass*, Bredbenner failed to demonstrate compliance with the second requirement for service at the private mailbox. *See id.* at 7. Although at the hearing counsel for Bredbenner contended that the private mailbox was the only way to accomplish service and that they could not find another address for service of process, no evidence was presented "that the only address discoverable through the public records for the corporation, its officers, directors, or registered agent was a private mailbox." *Id.* (emphasis omitted). Simply put, counsel's argument regarding these asserted facts is not a substitute for evidence. *See Romeo v. Romeo*, 907 So. 2d 1279, 1284 (Fla. 2d DCA 2005) ("[I]t is black letter law that argument of counsel does not constitute evidence."). Further, in the order on appeal, the trial court did not address any of the three statutorily mandated service requirements for service at a private mailbox.

As noted previously, after the default and the two judgments were filed but before the county court entered the order on appeal, Celebrity and Winebarger filed an answer with affirmative defenses, a counterclaim and third-party complaint, and a motion to transfer the case from the county court to the circuit court. In their argument to the county court,

6

they requested "that the Court vacate the final judgment, accept the answer and affirmative defenses and counterclaim as pleaded and transfer the case to circuit court and allow the Defendant to file a counterclaim within 14 days of the transfer." Based on their seeking affirmative relief and the argument made to the county court, Celebrity and Winebarger have submitted themselves to the jurisdiction of the court for further proceedings. *See Babcock v. Whatmore*, 707 So. 2d 702, 704 (Fla. 1998) (recognizing that a party waives objections to personal jurisdiction by seeking affirmative relief because "such requests are logically inconsistent with an initial defense of lack of jurisdiction"); *Sampson Farm Ltd. P'ship v. Parmenter*, 238 So. 3d 387, 392 (Fla. 3d DCA 2018) ("Affirmative relief is best defined as '[r]elief for which defendant might maintain an action independently of plaintiff's claim and on which he might proceed to recovery, although plaintiff abandoned his cause of action or failed to establish it.' " (alteration in original) (quoting *Heineken v. Heineken*, 683 So. 2d 194, 197 (Fla. 1st DCA 1996))).

## III.  CONCLUSION

Because Celebrity and Winebarger were not properly served with the complaint, we reverse the order denying relief and remand with directions for the county court to vacate the clerk's default and the initial and second judgments and for further proceedings consistent with this opinion. *See Dass*, 65 So. 3d at 8.

Reversed and remanded with instructions.

NORTHCUTT and ATKINSON, JJ., Concur.

——————————————————

Opinion subject to revision prior to official publication.

7