DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JENNIFER CASTANEDA,**
Appellant,

v.

**PORTFOLIO RECOVERY ASSOCIATES, LLC,**
Appellee.

No. 4D2025-2456

[June 24, 2026]

Appeal of a nonfinal order from the County Court for the Seventeenth Judicial Circuit, Broward County; Tabitha Eves, Judge; L.T. Case No. 062015SC017840AXXXWE.

Michael Lamar Buckner of Buckner Legal Self-Help Program, Inc., Coral Springs, for appellant.

Kathryn Lee Ender and Robert Eric Sickles of Dinsmore & Shohl LLP, Miami, and Joseph Christopher Dominguez and Amanda Roath Duffy of Consuegra & Duffy PLLC, Tampa, for appellee.

SHAW, J.

The appellant, Jennifer Castaneda, appeals a county court order denying her motion to vacate or set aside default and default judgment. For the reasons discussed more fully below, we reverse and remand with instructions that the default judgment be vacated.

## I. BACKGROUND

In September 2015, the appellee, Portfolio Recovery Associates, LLC, filed a complaint against Castaneda, alleging that she had failed to make monthly payments on a credit card and was indebted to Portfolio Recovery in the amount of $2,229. Two weeks later, Portfolio Recovery filed a verified return of service. This standard return of service stated Castaneda was served at her address in Sunrise, Florida by: "Substitute Service – Co-Resident; F.S. 48.031(1)(a): delivered to Monica Meraz (Cousin)." In June 2016, the county court entered a default final judgment for Portfolio Recovery.

Eight years later, Portfolio Recovery filed a motion for continuing writ of garnishment against Castaneda's salary and wages. In November 2024, Portfolio Recovery filed a verified return of service reflecting that service of the writ was made upon Castaneda's employer. About six weeks later, Castaneda's counsel filed a notice of appearance and a motion to vacate or set aside the default and default judgment.

The county court held an evidentiary hearing on the motion to vacate. Portfolio Recovery did not present any testimony or documentary evidence. Castaneda testified on her own behalf and called her cousin, Monica Meraz, to testify as well.

Castaneda testified that she had been living with her boyfriend in Coral Springs in September 2015, and the Sunrise address in the return of service was her mother's house. Castaneda acknowledged on cross-examination that her driver's license contained the Sunrise address.

Meraz testified that she had never lived at the Sunrise address, but instead lived in Coral Springs. Meraz was only at the Sunrise address on that particular day in September 2015 to visit her grandmother, who also resided at the home. Meraz visited her grandmother approximately once a month. Meraz did not remember accepting service or receiving any court documents nine years earlier, but admitted that if the return of service was accurate, she may have been at the Sunrise address that day.

After the hearing, the county court denied Castaneda's motion to vacate.

## II. STANDARD OF REVIEW

"An order denying a motion to vacate a default judgment is reviewed under an abuse of discretion standard." *Fla. Eurocars, Inc. v. Pecorak*, 110 So. 3d 513, 515 (Fla. 4th DCA 2013) (citation omitted). "However, where a motion to vacate depends upon whether the underlying order is void, the determination is a legal question that is reviewed de novo." *First Call 24/7, Inc. v. Rios*, 373 So. 3d 1176, 1178 (Fla. 3d DCA 2022) (citation omitted).

## III. DISCUSSION

"Substitute service statutes are an exception to the rule requiring personal service, and it is well-settled that such statutes must be strictly construed in order to protect a defendant's due process rights." *Clauro*

*Enters., Inc. v. Aragon Galiano Holdings, LLC*, 16 So. 3d 1009, 1011 (Fla. 3d DCA 2009) (citations omitted).

Section 48.031(1)(a), Florida Statutes (2015), provides in relevant part:

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with **any person residing therein** who is 15 years of age or older and informing the person of their contents.

(emphasis added). Thus, section 48.031(1)(a)'s plain language permits substitute service only if it is made at the usual place of abode of the person to be served with any person residing therein. Castaneda disputes both that the Sunrise address was her usual place of abode and that Meraz was a person residing therein.

"It is well-settled that a judgment entered without valid service is void for lack of personal jurisdiction and may be collaterally attacked at any time." *Clauro Enters., Inc.*, 16 So. 3d at 1013 (citation modified); *see also Falkner v. Amerifirst Fed. Savs. & Loan Ass'n*, 489 So. 2d 758, 759 (Fla. 3d DCA 1986) ("A judgment entered without due service of process is void.").

Here, even if we accept that the Sunrise address was Castaneda's usual place of abode, substitute service was not proper because the complaint was not served upon a person residing therein. The return of service reflects that a copy of the complaint was delivered to Meraz. However, at the evidentiary hearing, Meraz testified that she had never lived at the Sunrise address, and was only present at that location in September 2015 to visit her grandmother. Portfolio Recovery presented no evidence to the contrary. Accordingly, Portfolio Recovery failed to meet section 48.031(1)(a)'s requirements for substitute service.

In sum, Castaneda was never properly served. Because the default judgment was entered without valid service of process, the default judgment is void. *See Clauro Enters.*, 16 So. 3d at 1013 (reversing default judgment where appellee failed to show it met the statutory requirement for substitute service on appellant).

3

## IV. CONCLUSION

The county court erred by denying Castaneda's motion to vacate. We reverse and remand with instructions that the default judgment be vacated.

*Reversed and remanded with instructions.*

KUNTZ, C.J., and LEVINE, J., concur.

* * *

***Not final until disposition of timely-filed motion for rehearing.***

4